THE IXION.

(District Court, W. D. Washington, N. D.   July 14, 1916.)

No. 3342.

1. SEAMEN ⬤⟶1—FOREIGN VESSELS—AUTHORITY OF CONGRESS.
   Congress has the right to prescribe rules which shall govern vessels and sailors while within the jurisdiction of the United States, notwithstanding the vessels are foreign craft, and the sailors alien persons.
   [Ed. Note.—For other cases, see Seamen, Dec. Dig. ⬤⟶1.]

2. SEAMEN ⬤⟶16—WAGES—LIBEL.
   Rev. St. § 4530, as amended by Act March 4, 1915, c. 153, § 4, 38 Stat. 1165, declares that every seaman on a vessel of the United States shall be entitled to receive on demand from the master one-half of the wages which he shall have then earned, at every port where the vessel shall load or deliver cargo, provided such demand shall not be made before the expiration of nor oftener than once in five days, and that any failure on the part of the master to comply with the demand shall release the seaman from his contract, and he shall be entitled to full payment of wages earned,

provided this section shall apply to seamen on foreign vessels while in harbors of the United States. Seamen's Act Dec. 21, 1898, c. 28, § 10, 30 Stat. 763 (Comp. St. 1913, § 8323), makes it unlawful in any case to pay any seaman any wages in advance of the time when he has actually earned the same, or to pay such wages to any other person. *Held* that, as it was apparently the intention of Congress that no advancements should be made to sailors on foreign vessels for services performed within the ports and waters under the jurisdiction of the United States, a libel, showing that a sailor on a foreign vessel had earned wages while in a port of the United States and that demand in accordance with the above section was refused, states a cause of action, though the master of the vessel had already paid the seaman more than one-half of the wages earned during the entire voyage.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 56–65; Dec. Dig. ☞16.]

In admiralty. Libel by John A. Clyma against the steamship Ixion, her apparel, tackle, and furniture. On exceptions to libel. Exceptions denied.

Jay C. Allen, of Seattle, Wash., for libelant.
Huffer & Hayden, of Tacoma, Wash., for respondent.

NETERER, District Judge. Libelant, a British subject employed as a seaman upon a British vessel, states that on the 20th of May, 1916, he had earned on the voyage, under his articles of employment, £282, 1s. ($1,353.84), upon which had been paid £264, 7s. 4d. ($1,268.96); that there was an allotment to be deducted of £4 ($19.20), leaving a balance of £13, 13s. 6d. ($65.64) due; that the vessel, on the 15th day of May, 1916, entered the Port of Seattle for the purpose of loading and delivering cargo, and on the 20th day of May, following, while still in port so loading and delivering cargo, libelant, acting under section 4530 of the Revised Statutes of the United States, as amended, "did demand of the master of said vessel the payment of one-half of the amount of his wages then earned; that the libelant had not made a demand for any wages within five days previous thereto; that said payment was refused by said master, and because of said refusal the libelant did, on the 22d day of May, 1916, pursuant to the provisions of said act of Congress, demand his release from said contract, and did then and there demand full payment of the wages which he had so earned, which said payment the said master did refuse and has continually refused since said time"; and prays process in due form of law according to the course of this court in admiralty and maritime jurisdiction, condemnation of the vessel, tackle, etc., to pay the claim.

Exception is filed to the libel, in which it is contended, among other things:

"That it appears that the libelant has been paid more than half of the wages due him from the time of joining said ship to the filing of the libel and does not show that the libelant has not been paid more than half of the wages due him and was not paid more than one-half of the wages due him at the time of filing the libel, for any voyage upon which he engaged to serve under the articles mentioned in the libel."

[1] It is contended by the claimant that the shipping articles entered into by the libelant were entered into in a foreign jurisdiction, by a

foreign vessel and an alien person, and that the rights of the parties must be determined by the laws of the ship's flag.

I think the claims made by the claimant are stated too broadly. Congress has the right to prescribe rules which shall govern a vessel and sailors while within the jurisdiction of the United States, and, if the libelant has brought himself within the provisions of the act of Congress referred to, the exceptions must be denied.

[2] Section 4 of chapter 153, 38 Stat. at Large, p. 1165, amendatory of section 4530, Rev. Stat. U. S., provides:

"Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the wages which he shall have then earned at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended and all stipulations in the contract to the contrary shall be void; provided, such a demand shall not be made before the expiration of nor oftener than once in five days. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full payment of wages earned. * * * Provided further, that this section shall apply to seamen on foreign vessels *while in harbors of the United States*, and the courts of the United States shall be open to such seamen for its enforcement." (Italics ours).

By express provision this act applies to seamen engaged on foreign vessels while in ports of the United States, and the courts of the United States shall be open to enforce such claims. It is further contended by the claimant that it affirmatively appears upon the face of the complaint that advancements have been made to seamen which more than pay one-half of the wages earned on the voyage to the time of demand. I think that section 10 of the Seamen's Act, 30 Stat. at Large, p. 763, indicates the policy of the Congress with relation to seamen on United States vessels by making it "unlawful in any case to pay any seaman wages in advance of the time when he has actually earned the same, or to pay such advance wages to any other person." A consideration of the provisions of section 4530, supra, as amended, in connection with section 10 of the Seaman's Act, supra, is conclusive, in my judgment, that the intent of Congress was that no advancements could be made upon wages earned on foreign vessels while in the harbors of the United States or within the jurisdiction of the waters of the United States. The libel showing that wages were earned while in the Port of Seattle, demand made within the provisions of section 4530, supra, as amended, and payment refused, a cause of action is stated, and the exceptions must be denied.

I have conferred with Judge CUSHMAN, and am authorized to state that he concurs in the conclusion herein.