## THE METEOR.

(District Court, S. D. Alabama. May 1, 1917.)

No. 1645.

SEAMEN ☞24—WAGES—PAYMENT.

Under Seaman's Act, March 4, 1915, c. 153, § 4, 38 Stat. 1165 (Comp. St. 1916, § 8322), providing that every seaman shall be entitled to receive on demand one-half of the wages which he shall have then earned at every port where the vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended, provided such demand shall not be made oftener than once in 5 days, a seaman was not entitled to one-half of the wages earned since a previous payment, where such previous payment amounted to more than one-half of the total wages earned.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 123–128.]

In Admiralty. Libel by B. M. Strom against the bark Meteor. Libel dismissed.

Rickarby & Austill, of Mobile, Ala., for libelant.
Palmer Pillans, of Mobile, Ala., for claimant.

ERVIN, District Judge. In this case, the facts are agreed upon, and the purpose of the libel is to secure a construction of the Seaman's Act. The facts are that Strom was shipped on the Meteor at an agreed wage; that since his shipment he has earned wages, and had been paid on account of such wages so earned at the time the libel was filed, more than one-half the total wages earned by him.

There is no question in this case of advancement.

The Meteor arrived in Mobile, and after such arrival Strom demanded money on account of his wages which was paid to him. After a lapse of more than five days, he again demanded from the ship payment on account of wages earned by him. The captain refused to pay him anything on this last demand because he had then been paid more than one-half the total wages earned by him.

Strom contends that under the terms of the Seaman's Act he is entitled to a one-half part of the wages which were earned by him in the port of Mobile since the last payment to him, which payment was made more than five days before the present demand. The vessel contends that, having paid more than one-half the total wages earned by him, they cannot be compelled to pay anything more until the one-half part of the total wages earned by Strom shall exceed the aggregate of the total payments made him by the vessel.

I do not find in any of the decided cases this precise question decided. In the case of The Jacob N. Haskell (D. C.) 235 Fed. 914, it is held that a seaman may make demand for payment on account of his wages at intervals of not less than five days. This same ruling is also laid down in The Ixion (D. C.) 237 Fed. 142, where it is further held that the rights of the seaman are not controlled by the flag of the vessel while in this country, but are controlled by the provisions of the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Seaman's Act. The case of The London (D. C.) 238 Fed. 645, as I read it, decides practically the question here involved, and holds that the amount the sailor may demand under the terms of the Seaman's Act is one-half of the total wages earned by him during the voyage, and further holds that against this one-half, then demandable, is to be charged all payments made on account of wages (as distinguished from advances). It seems to me that the reasoning and illustrations used by the judge in this case are conclusive upon the question now presented in this case.

Libelant, however, urges that under the wording of the Seaman's Act he is entitled to demand, as above stated, the present payment of one-half of the wages earned by him since the last demand. Section 4 of chapter 153. 38 Stat. at Large, p. 1165, amendatory of section 4530, Rev. Stat. U. S., provides:

"Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the wages which he shall have then earned at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended and all stipulations in the contract to the contrary shall be void: Provided, such a demand shall not be made before the expiration of, nor oftener than once in five days. Any failure on the part of the master to comply with this demand shall release the seaman from his contract, and he shall be entitled to full payment of wages earned."

Libelant contends that the words "shall be entitled to receive on demand from the master of the vessel to which he belongs, one-half part of the wages which he shall have then earned, at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended: * * * Provided, that such payment shall not be made before the expiration of, nor oftener than once in five days," show an intention on the part of Congress to give to the seaman a one-half part of the wages earned during each of these five-day periods, notwithstanding he has already been paid more than one-half the total wages earned by him; that this purpose was to enable him to receive, while in port, periodical payments on account of his wages.

I cannot agree to such contention. It was the manifest purpose of the act, not only to give to the seaman a right to receive the one-half of the wages earned by him, but also to give to the vessel a right to retain one-half of the wages earned by the seaman, so as to compel the seaman to the continuance of his service on the vessel. The Jacob N. Haskell (D. C.) 235 Fed. 914; The London (D. C.) 238 Fed. 645.

The libel is dismissed.