THE RHINE.

THE WINDRUSH.

(District Court, E. D. New York. May 25, 1917.)

SEAMEN ⬯23—WAGES—PAYMENT IN ADVANCE—AMERICAN SHIP IN FOREIGN PORT—STATUTE.

Seamen's Act March 4, 1915, c. 153, § 11, 38 Stat. 1168 (Comp. St. 1916, § 8323), declaring payment of a seaman's wages in advance of being earned to be unlawful and of no effect, applies to payment by an American vessel in a foreign port.

In Admiralty. Two suits—one by Paul Neilsen and others against the Rhine, the other by John Hardy and others against the Windrush. Decrees for libelants.

Silas B. Axtell, of New York City, for libelants.
Burlingham, Montgomery & Beecher and Roscoe H. Hupper, all of New York City, for claimants.

VEEDER, District Judge. In the first case Paul Neilsen and nine other seamen sue for the recovery of wages claimed to be due them from the bark Rhine. It appears that they shipped on the American

bark Rhine at Buenos Aires, October 7, 1916, for a voyage to New York, at the rate of $25 per month. It is stipulated that the shipping of seamen on sailing vessels at Buenos Aires is controlled by certain shipping masters, to one of whom the libelants, in accordance with the usual custom and as a means of securing employment, signed a receipt or advance note for one month's wages. These advance notes were presented to the American vice consul at Buenos Aires before the libelants signed the articles, were by him noted on the articles, and, in the presence of the libelants, directed to be paid on account of the wages of the respective libelants. It was further stipulated that, in directing the master of the Rhine to honor such advance notes, the consul was acting in accordance with section 237 of the Consular Regulations of the United States. When the bark arrived at New York the libelants were paid the wages earned, less the $25 advanced. They now seek to recover the sum thus deducted, by virtue of the terms of section 11 of the act of March 4, 1915, entitled "An act to promote the welfare of American seamen in the merchant marine of the United States," which declares such advances to be unlawful and of no effect.

The facts in relation to the case of the barkentine Windrush differ from the above only in respect of the fact that the advance notes are not in evidence, but are noted on the articles.

The sole question involved is whether the statutory provision referred to applies to advances made by American vessels in foreign ports. The original enactment prohibiting advances dates from 1884 (Act June 26, 1884, c. 121, § 10, 23 Stat. 55 [Comp. St. 1916, § 8323]). It was amended three times between that date and the act of March 4, 1915 (namely, by Act June 19, 1886, c. 421, § 3, 24 Stat. 80; Act Dec. 21, 1898, c. 28, § 24, 30 Stat. 763; Act April 26, 1904, c. 1603, § 1, 33 Stat. 308), but without material change in any respect here involved.

In Patterson v. Bark Eudora, 190 U. S. 169, 23 Sup. Ct. 821, 47 L. Ed. 1002, the Supreme Court of the United States held, in 1903, that the prohibition applied to advances made by a foreign vessel in an American port. But there have been only two cases since the original enactment in 1884 which cover the issue now raised. In 1884 Judge Addison Brown held in The State of Maine (D. C.) 22 Fed. 734, that this section did not apply to advances made by an American vessel within a foreign jurisdiction. On the other hand, Judge Ervin, sitting in the Southern district of Alabama, has recently held in The Imberhorne (D. C.) 240 Fed. 830, that the section applies to advances made in foreign ports (even by foreign vessels). It would serve no useful purpose to recapitulate the particular considerations urged in support of the opposing conclusions. The arguments in support of one construction of the statute are not susceptible of a conclusive answer by the advocate of an opposing construction; a final conclusion can be based only upon a preponderance of the considerations which serve to disclose the intent of Congress. I shall hold that the statutory provision in question applies to the situation presented here, and that the advances in issue, although made in a foreign port, having been made by vessels of the United States, were unlawful, and may be recovered by the seamen.

Decree for libelants in each case, with costs, for the amount of the advance payments deducted. Under the circumstances, the claim to the penalty specified in Rev. St. U. S. § 4529 (Comp. St. 1916, § 8320), is denied.