THE DELAGOA.

(District Court, E. D. New York. August 1, 1917.)

1. SEAMEN ☞23—WAGES—RIGHT TO PART PAYMENT—ADVANCES.

Wages earned, to half of which Seamen's Act March 4, 1915, c. 153, § 4, 38 Stat. 1165 (Comp. St. 1916, § 8322), declares a seaman entitled on arriving at a port before end of voyage, are unaffected by advances before wages are earned, which the act declares unlawful, and provides shall not affect liability for full payment of wages after they are earned.

2. SEAMEN ☞24—WAGES—PART PAYMENT AT INTERMEDIATE PORTS.

Under Seamen's Act March 4, 1915, c. 153, § 4, declaring a seaman entitled on demand to receive half of the wages he shall have earned at every port where the vessel, after voyage shall have commenced, shall load or deliver cargo before the voyage is ended, provided that such a demand shall not be made before the end of, nor oftener than once in five days, he, when entitled to make a demand, is entitled to payment of enough, and only enough, taken with what had already been paid, to make up half of what he had earned up to that time.

3. SEAMEN ☞24—WAGES—PAYMENT AT INTERMEDIATE PORT—TIME OF DEMAND.

Under such section the demand need not be postponed till five days after arrival at a port, but merely must be not less than five days after the last preceding demand.

In Admiralty. Action by Hans Jacobson and others against the steamship Delagoa. Decree for libelants.

Silas B. Axtell, of New York City, for libelants.
Abbott & Coyne, of New York City, for claimants.

CHATFIELD, District Judge. This action is brought by Jacobson and 10 other seamen, who shipped in Copenhagen, Denmark, upon the Danish ship Delagoa for a round voyage, during which they arrived in New York on November 9, 1916. The Delagoa sailed upon November 22, 1916, and upon November 21st the libelants demanded one-half of the wages at that time unpaid.

[1] The case involves consideration of the validity of advances made prior to arriving in the port of New York and under the articles signed in a foreign port. On this point the court will follow the case of The Imberhorne (D. C.) 240 Fed. 830, The Ixion (D. C.) 237 Fed. 142, and In re Ivertsen (D. C.) 237 Fed. 498, as well as the cases of Neilsen v. The Rhine, 244 Fed. 833, decided in this district upon the 25th day of May, 1917. The amount which was earned was therefore one-half of the wages earned, without regard to advances.

[2, 3] The further question is presented as to the amount "earned." The libelants in this case demanded one-half of the balance unpaid, claiming that they had earned all which had not been paid, and that the word "one-half" did not refer to one-half the total amount of

wages for the voyage, but one-half of whatever was still due. This contention was upheld in The Ixion, In re Ivertsen, supra, and The Meteor (D. C.) 241 Fed. 735, but has been overruled in the cases of The Jacob N. Haskell (D. C.) 235 Fed. 914, The Strathearn (D. C.) 239 Fed. 583, and The London (D. C.) 238 Fed. 645. The statute says:

"The wages which he shall have then earned at every port where such vessel * * * shall load or deliver cargo." Act March 4, 1915, c. 153, § 4, 38 Stat. 1165 (Comp. St. 1916, § 8322).

This cannot be construed to mean that he is entitled to only one-half of the wages which he earns in that port, nor that the five-day period must have expired in port before making the demand. It apparently is intended to provide that no demand shall be made less than five days after the last preceding demand. It also apparently means that he shall be entitled to one-half of the entire amount of wages earned on the voyage, or such payment as will make the payments in total equal that amount. If we read the statute to provide that the seaman shall receive one-half the amount still unpaid, it would follow that the words "earned at every port" would be capable of the construction "earned in the port." The logical meaning is that there shall not be withheld from the seaman more than one-half of the total earnings of the voyage. This is the construction used in the case of The London, 238 Fed. 645, which has now been affirmed in The London, by the Court of Appeals of the Third Circuit, 241 Fed. 863, —— C. C. A. ——.

It is contended that the libelants in the present action have received more than this one-half. Decree may be entered accordingly as each libelant has or has not received the amount indicated. In the instance of any libelant who has not received one-half part of the total wages then earned for the voyage, the further demand for full wages, upon refusal to pay one-half, entitled them to the full amount, and they should receive this, and not be considered deserters.

No claim for double pay can be sustained, in view of the uncertainty of the interpretation of the statute, and no costs will be awarded.