## THE SUTHERLAND.

(District Court, D. Maine. May 19, 1919.)

No. 524.

1. SEAMEN ⚖️24—RIGHTS OF FOREIGN SEAMEN TO WAGES—STATUTE.
   Rev. St. § 4530 (Comp. St. § 8322), entitling a seaman to receive on demand from the master of his vessel half the wages he shall have earned at every port where the vessel, after commencement of voyage, shall load or deliver cargo, applies to seamen engaged on foreign vessels while in the ports of the United States.

2. SEAMEN ⚖️24—RIGHT OF SEAMEN TO WAGES—STATUTE.
   Under Rev. St. § 4530 (Comp. St. § 8322), when a vessel arrives at a port of the United States, a seaman thereof is entitled to be paid one-half of the wages he has earned up to the time, and against such half there must be charged all prior payments which he has received.

3. SEAMEN ⚖️24—RIGHT OF SEAMEN TO WAGES—STATUTORY TIME.
   Under Rev. St. § 4530 (Comp. St. § 8322), seamen on vessels coming into the jurisdiction of the United States are entitled to receive half their wages earned up to the time of demand in a port of the United States, if they have been on board or in the employ of the ship for at least five days, and it is not necessary that a foreign vessel be in an American port five days before demand can be made.

4. SEAMEN ⚖️24—RIGHT OF SEAMEN TO WAGES—STATUTORY RELEASE FROM CONTRACT.
   Under Rev. St. § 4530 (Comp. St. § 8322), seamen of a foreign vessel coming into a port of the United States, whose demand for half their wages was refused by the master on the ground they had shipped for a 12 months' voyage, were released from their contracts, and became entitled to full payment of wages earned.

In Admiralty. Libel by John Philips and others against the steamship Sutherland. Decree for libelants.

Nathan W. Thompson and Emery G. Wilson, both of Portland, Me., for libelants.

William H. Gulliver, of Portland, Me., for respondent.

Geo. F. Gould, of Portland, Me., for claimant.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HALE, District Judge. The libelants, Philips and Desmond, are British subjects; Carlson is a Swedish subject. On February 5, 1919, they were shipped, in Wales, for a term of 12 months, on the steamship Sutherland, a British vessel—Philips and Carlson as able seamen, and Desmond as steward. The ship set out on a voyage from England for foreign ports. On April 6th she arrived at the Grand Trunk wharf in Portland. Until that day the libelants remained in the service of the ship. After her arrival in port, they went to the captain and demanded one-half of the money earned by them upon the voyage, less the amount which had been already paid them. The proofs indicate that such demand was made by Philips and Carlson on April 8th, and by Desmond on April 9th. The captain refused to pay them, declaring, in substance, that they had signed for a 12 months' voyage; and that he would pay them nothing. The libelants then brought their libel to recover all the wages due them up to the date of demand.

The claimant defends on the ground that the statute under which the suit is brought does not apply to seamen who are subjects of foreign governments on foreign vessels; and that in any event these seamen were not entitled to make a demand for their pay, or bring suit, until the ship had been in port for at least five days. The claimant also urges that the seamen in this case had not made such peremptory demands, or received such distinct refusal, as to entitle them to bring this libel.

[1, 2] Section 4530, Revised Statutes of the United States, as amended (Comp. St. § 8322), provides:

"Every seaman on a vessel of the United States shall be entitled to receive on demand from the master of the vessel to which he belongs one-half part of the wages which he shall have then earned at every port where such vessel, after the voyage has been commenced, shall load or deliver cargo before the voyage is ended and all stipulations in the contract to the contrary shall be void: Provided, such a demand shall not be made before the expiration of, nor oftener than, once in five days. Any failure on the part of the master to comply with this demand shall release the seaman from his contract and he shall be entitled to full payment of wages earned. * * * Provided further, that this section shall apply to seamen on foreign vessels *while in harbors of the United States;* and the courts of the United States shall be open to such seamen for its enforcement."

By its express provision, this act applies to seamen engaged on foreign vessels while in the ports of the United States. The prevailing construction of the statute by the federal courts is to the effect that, when a vessel arrives at a port, the seaman is entitled to be paid one-half of the wages he has earned up to that time, and that against such one-half there must be charged all prior payments which he has received. In The London, 241 Fed. 863, 865, 154 C. C. A. 565, 567, in speaking for the Circuit Court of Appeals for the Third Circuit, Judge Buffington said:

"In adopting half payment to the seaman during the voyage and half retention by the ship until the voyage was over, Congress gave a substantial portion of earned wages to the seaman while he was earning them, and retained a substantial portion of the earned wages in the hands of the master as security that the seaman would stick by the ship until the voyage, for which both ship and seaman had contracted, was ended. This half and half division of

wages earned to any time when payment is to be made is workable, is equitable, and is clearly stated in the act, and to our mind was what Congress had in view in the statute."

See, also, The Talus, 248 Fed. 670, 673, 160 C. C. A. 570, and Sandberg v. McDonald, 248 U. S. 185, 195, 39 Sup. Ct. 84, 63 L. Ed. 200; The Exchange, 7 Cranch, 116, 3 L. Ed. 287; Patterson v. Bark Eudora, 190 U. S. 169, 179, 23 Sup. Ct. 821, 47 L. Ed. 1002; Wildenhus' Case, 120 U. S. 1, 19, 7 Sup. Ct. 383, 30 L. Ed. 565; The Ixion (D. C.) 237 Fed. 142, 144; Neilson v. Rhine Shipping Co., 248 U. S. 205, 39 Sup. Ct. 89, 63 L. Ed. 208.

The theory of the courts appears to be that, under the statute, all vessels coming into the jurisdiction of the country come under the laws and regulations of the United States, and that it is competent for Congress to prescribe conditions of entry, and of clearance, for foreign vessels, since it may exclude them altogether. Under the construction given this statute by the federal courts, I must conclude that the statute is applicable to these libelants, although they were foreign seamen on a foreign vessel.

[3] The section of the statute governing the time for making the demand is:

"Such demand shall not be made before the expiration of, nor oftener than, once in five days."

The prevailing construction given by the federal courts has been that the first payment shall not be made until the seaman has been on board, or in the employ, of the ship, for at least five days; and that it would be unreasonable to hold that a foreign vessel must be in an American port five days before the demand can be made. The Delagoa (D. C.) 244 Fed. 835, 836; The Pinna (D. C.) 252 Fed. 203, 205. In The Strathearn, 239 Fed. 583, 586, the District Court of the Northern District of Florida held otherwise.[1]

[4] In the case at bar the ship had been in port for at least two days before the demand was made. There is sharp contest as to whether the testimony shows such demand on the part of the libelants and such refusal on the part of the ship as will entitle the libelants to bring this libel. There is no need of stating the testimony upon this point. I am satisfied that a sufficient demand has been proved, and that there was a clear and distinct refusal on the part of the ship. The proofs show that the captain did not ask for further time to get the money; he refused to give the men their wages, saying that they had shipped for a 12 months' voyage. Under the express language of the statute:

"Failure on the part of the master to comply with this demand shall release the seaman from his contract, and he shall be entitled to full payment of wages earned."

Under the plain reading of the law, I think the libelants are clearly within their rights.

[1] But see The Strathearn, 256 Fed. 631, —— C. C. A. ——, and The Baltic, 256 Fed. 95, —— C. C. A. ——. See, also, The Italier, 257 Fed. 712, —— C. C. A. ——.

The evidence before me is to the effect that the amount due to each libelant is as set forth in the libel.

A decree may be presented allowing John Philips the sum of $98.74; Carl H. Carlson, the sum of $106.72; Harry Desmond, the sum of $148.95. The libelants recover costs.

The libelants may present a draft decree on May 24, 1919; claimant to present corrections on or before May 29, 1919; decree to be settled Monday, June 2, 1919, at 10 o'clock a. m.