### THE HAYTIAN REPUBLIC.

### KODIAK PACKING CO. v. THE HAYTIAN REPUBLIC.

(District Court, D. Oregon. February 26, 1894.)

#### No. 3,624.

ADMIRALTY—PROCESS—CONSTRUCTIVE LEVY.

Where a vessel is in the custody of the marshal, his receipt of a warrant of arrest in another suit, with intent to levy it, is a constructive levy, notwithstanding that he returns the warrant "withheld," because he was advised that he had no right to make service on a vessel in custody, as it was, at the suit of the United States.

In admiralty. On exceptions to service. Libel by the Kodiak Packing Company against the steamship Haytian Republic. Exceptions overruled.

C. E. S. Wood, for libelant.

W. H. Gorham and O. F. Paxton, for claimant.

BELLINGER, District Judge. On and prior to January 17, 1894, the steamship Haytian Republic was in the custody of the United

States marshal by virtue of process issued in the suit of the United States in a cause of forfeiture wherein the Northwest Loan & Trust Company, through Hartman, its receiver, in the state circuit court for Multnomah county, was claimant. On said date a decree was signed and entered by the judge of this court, dismissing the libel of the United States, and directing the marshal to deliver the vessel to said receiver. Previous to this, and on the 22d day of December, 1893, a warrant for the arrest of the vessel was placed in the hands of the marshal in this suit, but, on the advice of the attorney for the United States that he had no right to make service upon a vessel held in a suit by the United States, he "withheld," according to the expression in his return, such process. Hartman and his attorneys had notice of this suit and process. On January 17th the marshal, acting upon the belief that he was required to make a seizure under such second process, and also to deliver the possession of the vessel to the receiver as the order of the court directed, undertook to deliver the possession of the vessel to Hartman, receiver, in pursuance of the direction in the order, and simultaneously therewith to arrest her on the writ already in his hands for service. Upon these facts the receiver claims that the right and possession of the vessel are in him, and that this court is without jurisdiction in the suit of the Kodiak Packing Company, and upon this ground he excepts to the libel of the latter herein.

The receipt by the marshal of the warrant of arrest in this suit, the first levy being in force, operated as a constructive levy, and an actual levy was unnecessary. In re Smith, 2 Ben. 433, Fed. Cas. No. 12,973; Cresson v. Stout, 17 Johns, 116; Van Winkle v. Udall, 1 Hill, 559. In the case last cited the sheriff had levied on all the property in question in that suit under an execution in favor of one party. Then came the plaintiff's execution, the mere receipt of which by the sheriff, it was held, operated as a constructive levy. The first writ having been subsequently withdrawn, that of the plaintiff took complete effect, the levy under it becoming absolute. This case is not taken out of the operation of this rule by what the marshal thought, or did or did not do, in deciding not to make a seizure while the property was held under the process already levied by him. The warrant was received by him for service, and with the intention on his part that it should be served. Nothing further was necessary or legally possible to be done. He could not seize or arrest what was already in his possession under arrest. That he thought something of that kind necessary does not alter the effect of what was already done. Nor does it make any difference that he undertook to go through the ceremony of restoring the vessel to the claimant, and simultaneously therewith seizing her. There was nothing in this jugglery to affect the rights of parties or the jurisdiction of the court. There was no intention on the part of the marshal to lose possession of the ship. Hartman and his attorney, standing by, both knew perfectly well that the marshal had a second warrant of arrest, and that he held it for service. The fact that both the marshal and the receiver seem to have been laboring under the mistake that some further ceremony was necessary to constitute

a levy of the second warrant does not make the receipt by the marshal of such warrant any the less effective to constitute a levy. The proctors for the claimant, in a brief filed herein, say:

"Where the officer has the property in custody under a prior right, he may make a second levy by making a return to that effect, thereby showing his intention to be to hold the property under the second writ, subject to the first. This he did not do in the case at bar. It will be contended by counsel for libelant that there has been a constructive levy, but the record shows an intention not to make even a constructive levy."

The marshal does not make a second levy by making his return to that effect. The return is no part of the levy. It is merely evidence of it, and may be made at any time, and is subject to amendment or correction to conform to the fact. The fact in this case is, as already stated, that the marshal did intend that there should be a levy made under the second process, and he held such process for that purpose. The law gives to these facts the consequences of a levy. It makes them operate as a levy, which became absolute on the dismissal of the suit of the government; and this consequence is not affected by the marshal's belief that something more was necessary, or by his intention that something more should be done, or by his failure to make a return, which, for that matter, may yet be made, showing a levy by a simple holding under a second writ subject to the first, instead of the return which he did make. The exceptions are overruled.