## THE SEIRSTAD.

(District Court, E. D. New York. March 19, 1926. On Motion for Reargument April 9, 1926.)

Admiralty ⊕5—Court of admiralty will not decline jurisdiction of suit for injuries by Norwegian seaman against Norwegian ship, where he has declared intention to become American citizen, and if he returned to Norway his readmission to United States would be doubtful.

A court of admiralty of the United States will not decline jurisdiction of a suit by a Norwegian seaman against a Norwegian ship to recover damages for personal injuries; though objection is made by the Norwegian consul, and it is shown that libelant, on his return to Norway, would be entitled to compensation from a government insurance fund, where he has declared his intention to become an American citizen, and, if he should return to Norway, it is doubtful if he would be readmitted to the United States, owing to the nature of his injuries.

In Admiralty. Suit by Osmund Andersen against the steamship Seirstad. On motion by claimant and the Norwegian Consul for an order of court declining jurisdiction. Motion denied.

Silas B. Axtell, of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for respondent.

MOSCOWITZ, District Judge. This is a motion by respondent, requesting that this court make an order declining to assume jurisdiction of the action and dismissing the libel herein. The claimant is joined in this motion by the consul general in New York of the kingdom of Norway.

Osmund Andersen, a citizen of Norway, the libelant herein, claims that on or about the 23d of July, 1923, while engaged as a seaman on board the steamship Seirstad, a vessel of Norwegian registry, and during the course of his employment while at work upon said vessel he received injuries, which, he claims, were due to the negligence and carelessness of the respondent. He was taken to a hospital in Philadelphia, and on February 11, 1924, was discharged. The expenses of the libelant's treatment at the hospital were paid by the Norwegian vice consul at Philadelphia, acting on behalf of the kingdom of Norway.

It is contended that thereafter application was made by the libelant to the Norwegian consulate general at New York for relief, but that he refused to accept several offers of free transportation back to Norway, and declined to submit himself for medical examination or for presentation of his claim before the Royal Accidents Insurance Office in Norway.

Hans Fay, consul general of the kingdom of Norway at New York, makes affidavit to the effect that under the laws of the kingdom of Norway, and specifically under the law of August 18, 1911, as amended by the law of July 30, 1915, the libelant herein is entitled to compensation for his injuries from the Royal Accidents Insurance Office.

It appears that this is a case in which jurisdiction is discretionary, and that this discretion will not be exercised against the protest of the consul of the country to which the vessel belongs, except under special circumstances and extraordinary hardship. Under the laws of Norway, which are fully set forth in the affidavit of Hans Fay, the consul general of Norway at New York, the libelant is entitled to receive compensation for injuries received from the Government Insurance Fund, Norway.

It appears that the libelant, a Norwegian seaman, was injured on board a Norwegian vessel, and that he has, upon personal appearance in Norway, to which he can obtain free transportation, a claim to compensation for the injuries that he may have sustained on the 23d of July, 1923, and that any claim to compensation for such injuries against the owner of the vessel is transferred to the Royal Accidents Insurance Fund.

In view of the protest of the kingdom of Norway, and of the fact that no such circumstances exist whereby the libelant will be deprived of any rights by reason of this court declining jurisdiction, the motion to decline jurisdiction and to dismiss the libel herein is granted. Settle order on notice.

### On Motion for Reargument.

This is a motion for a reargument of the motion heretofore granted declining to assume jurisdiction of the action and dismissing the same. Motion for reargument is granted.

New facts are presented upon the reargument, which did not apear upon the original motion. Upon the proofs submitted by both the libelant and respondent, it appears that Osmund Andersen is a citizen of Norway, and that it is not unlikely that he may have difficulty in returning to the United States. In order to obtain compensation under the laws of the kingdom of Norway it is essential that the libelant return to Norway. The libelant has filed a declaration of intention to become a citizen of the United States.

In the memorandum handed down March

19, 1926, I said: "It appears that this is a case in which jurisdiction is discretionary, and that this discretion will not be exercised against the protest of the consul of the country to which the vessel belongs except under special circumstances and extraordinary hardship." Special circumstances exist in this case. It would be hardship if the libelant went to Norway and was unable to return to this country. It is possible that libelant's return may not be permitted by reason of his serious injuries. If this were not the fact, the decision in the original motion would stand, and the libelant would be compelled to resort to compensation under the laws of Norway. This is an extreme case and it is only for that reason that the court will assume jurisdiction.

Libelant's attorney has submitted upon this motion a letter from the present employer of the libelant. The practice of submitting letters, which are certainly not evidence, is not to be commended. The letter has not been considered by me upon this motion.

Motion for reargument is granted, and the original motion is denied.

Settle order on notice.