## THE FERM.

## THE BOHEME.

(District Court, E. D. New York. September 4, 1926.)

### Nos. 8726, 9443.

Admiralty ⬥⬦5—Jurisdiction of suit by foreign seaman against ship of his nation for personal injury is discretionary, and will be declined on motion of foreign consul showing adequate remedy under foreign law.

Jurisdiction of a United States court of admiralty of a suit by a foreign seaman against a ship of his nation for personal injury sustained on the high seas is discretionary, and will not be exercised over objection of the consul general of that nation, where its laws provide for compensation for the injury without suit, by action which may be taken through the consulate.

In Admiralty. Suits by Nils Kempe against steamship Ferm, with its claimant, and by John Rerecich against steamship Boheme, with its claimant. On motion in each case requesting the court to decline jurisdiction. Granted and libels dismissed.

Silas B. Axtell, of New York City, for libelants.

Haight, Smith, Griffin & Deming, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for claimants.

MOSCOWITZ, District Judge. These two motions are identical, except for the parties; the question of law being the same in each case. It appears, from the affidavits submitted upon the motion in Kempe v. Ferm, that this is an action for personal injuries claimed to have been sustained on the high seas by the libelant, Kempe, a Swedish national, while engaged as a fireman on

board the steamship Ferm, a vessel of Swedish registry, owned by a Swedish corporation.

The consul general of Sweden joins in the application, requesting that the court decline jurisdiction, and in his affidavit avers that under the Swedish law the exclusive remedy of a seaman is recourse to the compulsory workmen's compensation insurance, and that it is not necessary that the injured seaman return to Sweden, but that his application for compensation can be entertained by any Swedish consul or vice consul, and arrangements made for the payment of such amount as he may be entitled to under the law. It further appears that, the day after he verified the libel in this case, he made application to the Swedish consul for assistance, which was rendered to him.

In the case of Rerecich v. Steamship Boheme the facts are identical with the case of Kempe v. Steamship Ferm, except for the change in the nationality of the parties involved. Rerecich, a citizen of the kingdom of Italy, has brought suit for damages against the owner of The Boheme for injuries alleged to have been sustained on the high seas while he was acting as a seaman. The owner is a corporation of the kingdom of Italy and the vessel is under registry of the kingdom of Italy. The consul general of Italy joined in the application, requesting the court to decline jurisdiction, averring that under the laws of the kingdom of Italy a shipowner is required to obtain insurance, so as to provide compensation for seamen injured in the course of their employment, and by the terms of said law the only recourse given to an injured seaman is his application to the society or corporation by which said insurance has been provided.

The consul general states that the claimant has complied with this provision of Italian law and had placed insurance covering seamen on board said vessel, and that the National Institute of Insurance, with which said insurance was placed, is prepared to consider the application of the libelant herein, in order to ascertain the amount of compensation that may be due him; that for this purpose it is merely necessary for the libelant to present himself to the consulate, where arrangements will be made for a physical examination and a report to the Insurance Institute.

In each of these cases suit was brought by an alien against an alien shipowner for injuries sustained on the high seas and in each instance the law of Sweden and of Italy, of which Kempe and Rerecich, respectively, are citizens, provides for adequate and exclusive relief by way of compensation for injuries. This court, in the case of The Seirstad (D. C.) 12 F.(2d) 133, denied the motion to decline jurisdiction, as it appeared in that case that the libelant was a citizen of Norway, and that it was not unlikely that he might have difficulty in returning to the United States, because of serious injuries, and that in order to obtain compensation it was essential that the libelant return to Norway. Jurisdiction is discretionary. The court will not exercise this jurisdiction against the protest of the consul of the country to which the vessel belongs, except under special circumstances of extraordinary hardship. These cases do not fall within that rule.

Motions to decline jurisdiction are granted. Libel is dismissed, without costs. Stipulation for value and costs, given herein, are canceled and discharged. Settle orders on notice.