## THE PAULA.

### No. 15073.

District Court, E. D. New York.

Jan. 16, 1937.

Silas B. Axtell, of New York City, for libelant.

Haight, Griffin, Deming & Gardner, of New York City, for respondent.

MOSCOWITZ, District Judge.

These are two motions, one by the respondent for an order declining to take jurisdiction over this cause, the other by the libelant for an order to note the default of the claimant and for a decree pro confesso or to direct the claimant and respondent to file their answers within a specified time.

The libelant, a German citizen, was an ordinary seaman on the steamship Paula, having signed on the articles at a port in South America. While on the voyage for which he had signed at Jacksonville, Fla., the libelant was injured on August 4, 1936. He was taken ashore and sent to a hospital and received maintenance and care at the expense of the owner of the boat. On his recovery from his injuries he was brought up to New York City. The owner of the boat has paid out $318.91, covering the period from August 4, 1936, to October 10, 1936. The Danish Consul was willing to consider the libelant's application for statutory compensation. Libelant has made no such application.

It appears from the affidavit of the Consul General of the Kingdom of Denmark at New York that under the laws of the Kingdom of Denmark and specifically under the Seamen's Act of May 1, 1923, it is provided that during the currency of the employment contract, a seaman's medical expenses must be defrayed by the shipowner for a period of six weeks where the seaman is an alien, that is, not a Danish citizen. The shipowner has paid a sum in excess of the six weeks required under the Danish law. Provision is made under the Danish law for the payment of workmen's compensation, apart from the period of six weeks provided in the Seamen's Act, if the seaman is disabled for a period of more than thirteen weeks from the time of the accident. Under the provisions of the Danish law, an injured seaman has a full and complete right to compensation from the insurance fund, a governmental agency. It is not required that an injured seaman shall return to Denmark to procure this compensation, but his application will be entertained by any Danish Consul or Vice Consul. The Danish Consul joins in the request made on behalf of the respondent that the court decline jurisdiction.

■ The court has the power to decline jurisdiction in suits between aliens. In Canada Malting Co. v. Paterson Steamship Co., 285 U.S. 413, at page 421, 52 S.Ct. 413, 415, 76 L.Ed. 837, the court said:

"The rule recognizing an unqualified discretion to decline jurisdiction in suits in admiralty between foreigners appears to be supported by an unbroken line of decisions in the lower federal courts. The question has most frequently been presented in suits by foreign seamen against masters or owners of foreign vessels, relating to claims for wages and like differences, or to claims of personal injury. Although such cases are ordinarily decided according to the foreign law, they often concern causes of action arising within the territorial jurisdiction of the United States. Compare Patterson v. The Eudora, 190 U.S. 169 [23 S.Ct. 821, 47 L.Ed. 1002]; The Kestor (D.C.) 110 F. 432, 450. Neither in these, nor in other cases, has the bare circumstance of where the cause of action arose been treated as determinative of the power of the court to exercise discretion whether to take jurisdiction."

■ No reason is indicated why the court should retain jurisdiction against a protest of the consul of the country to which the vessel belongs. There were special circumstances in The Seirstad (D.C.) 12 F.(2d) 133, in which this court refused to decline jurisdiction. No such circumstances exist here.

Motion to decline jurisdiction is granted. Libelant's motion to note the default of the claimant and for a decree pro confesso or to direct claimant and respondent to file their answers within a specified time is denied.

Settle orders on notice.