**BURNS BROS. v. LONG ISLAND R. CO. et al.**

**PALMER et al. v. BURNS BROS. NO. 77 et al.**

**The TRANSFER NO. 7.**

**No. 255, Docket 21315.**

United States Court of Appeals Second Circuit.

Decided Sept. 26, 1949.

Alexander & Ash, New York City, for Burns Bros.

John J. McElhinny, New York City, for Central R. Co. of New Jersey and Walter P. Gardner, as sole surviving Trustee of the property of the Central R. Co., of New Jersey.

Before SWAN and CHASE, Circuit Judges, and SMITH, District Judge.

PER CURIAM.

A petition for a rehearing has been filed by Burns Bros., which is limited to the question of the secondary liability of Central on principles applicable to a proceeding in rem against its carfloat. Such action has been prompted by the fact that Long Island has become insolvent since the inception of this suit and proceedings for its reorganization are pending in the District Court for the Eastern District of New York. As a consequence there is a possibility that the decree against Long Island will not be fully satisfied.

Had this suit been brought in rem, it is apparent that the Central's carfloat could, and should, have been held secondarily liable. The Willie, 2 Cir., 231 F. 865, 867–868. But there seems to be an insuperable obstacle in the way of imposing such liability now.

Central was in reorganization under § 77 of the Bankruptcy Act when this action was commenced and it may be, as Burns Bros. now asserts in explanation of its failure to sue in rem, that no such action could have been maintained, though possibly subdivision (j) of § 77, 11 U.S.C.A. § 205 sub. j, might have been applicable and, even if not, perhaps steps could have been taken to provide for such a suit. Compare, Two Hundred and Fifty Tons of Salt, D.C.S.D.N.Y., 5 F. 216 and The Haytian Republic, D.C.Or., 60 F. 292, with Wabash R. Co. v. Adelbert College, 208 U.S. 38, 39, 54, 28 S.Ct. 182, 52 L.Ed. 379, and The Julia Ann, D.C.Mass., Fed.Cas.No. 7,577.

Even if we assumed so much and were to make the further assumption that the necessary amendments to the libel could now be made in accordance with Admiralty Rule 23, 28 U.S.C.A. and especially to show that the carfloat is within the District, as Rule 22 provides, there has been no arrest of the vessel as Rule 10 requires and, without that, jurisdiction to enter a decree in rem is lacking. Yokohama Specie Bank, Ltd., v. Chengting T. Wang, 9 Cir., 113 F.2d 329. See Schnell v. United States, 2 Cir., 166 F.2d 479, 482.

Petition denied.