OLAF PEDERSEN'S REDERI, A/S OF OSLO, a Norwegian corporation, Libellant,

v.

PHILIPPINE MERCHANTS STEAM-SHIP COMPANY, Inc., a Philippine corporation, Respondent.

No. 531.

United States District Court
D. Hawaii.

March 9, 1965.

Hoddick, Rothwell & Chang, by Ronald J. Endrizal, Honolulu, Hawaii, for libellant.

Lewis, Buck & Saunders, by Paul Devens, Honolulu, Hawaii, for respondent.

TAVARES, District Judge.

This is an action in Admiralty by Olaf Pedersen's Rederi, A/S of Oslo, a corporation organized and existing under and by virtue of the laws of Norway, against Philippine Merchants Steamship Company, Inc., a corporation organized and existing under and by virtue of the laws of the Republic of the Philippines. It is alleged that on June 15, 1963, at Oslo, Norway, two charter agreements were entered into between Libellant and Respondent as to two steamships other than the SS Visayan Merchant, hereinafter mentioned, and that Respondent breached said agreements. Libellant seeks damages for such alleged breaches.

It is further alleged that Respondent is not within this District but that there is within this District "the Respondent's vessel, the SS 'VISAYAN MERCHANT.'" A Citation with Clause of Foreign Attachment was issued against Respondent.

Prior to the issuance of said Citation the United States Marshal for this District had seized said vessel, the SS Visayan Merchant, her engines, etc., by virtue of the Libel in the case of Edgington Oil Refineries, Inc., Libellant, v. SS Visayan Merchant, etc., et al., Admiralty No. 529 in this Court and said Marshal was in possession of said vessel at the time of the issuance of said Citation. The Marshal returned that he had made a constructive attachment of said vessel, her engines, etc., pursuant to said Citation, said constructive attachment to take complete effect and become absolute upon the release of said vessel from the seizure in Admiralty No. 529. The Court takes judicial notice of the facts that, subsequently, said vessel was sold by the Marshal under Order of this Court in Admiralty No. 529 and that the proceeds of said sale, less certain amounts paid out under Orders of this Court, are in the possession of the Clerk of this Court.

Respondent filed a Special Appearance in this action asking the Court to decline jurisdiction of the action under the doctrine of forum non conveniens for the following reasons: that Libellant, a Norwegian corporation, has no place of business in this District; that the vessels involved in the charter agreements alleged in the Libel herein fly the flag of the Kingdom of Norway; that said vessels are not within the jurisdiction of this Court nor within the territorial waters of the United States; that Respondent, a Philippine corporation, has no office or place of business in this District or in the United States; that the charter agreements alleged in the Libel herein were executed in Oslo, Norway, and that the transactions involved in the Libel took place outside of the jurisdiction of this District and the United States; that said vessels were to be redelivered to Libellant in Japan; that the books and records documenting the transactions involved and the parties are located either in Manila, Philippines, or Oslo, Norway; that the Libel with Clause of Foreign Attachment caused said SS Visayan Merchant, then owned by Respondent, to be arrested by said Marshal, that at no time was said vessel the subject matter of any transaction between Libellant and Respondent but that at all times mentioned in the Libel the sole question in controversy was with respect to two other vessels, neither of which was within the jurisdiction of this Court or within the territorial waters of the United States; that Honolulu, Hawaii, was not a regular port of call of said SS Visayan Merchant at the time it was seized in this action; that under the doctrine of forum non conveniens the matters in dispute should properly be tried in the tribunals of the Republic of the Philippines; and that an affidavit of the Consul General of the Republic of the Philippines in Honolulu, Hawaii, in support of said Special Appearance is attached to said Special Appearance.

██ The Court has no doubt that the attachment of the SS Visayan Merchant by Libellant in this action was and is valid although it was in the possession of the Marshal at the time of such attachment[1] and that it has jurisdiction of this action. However, it has discretion as to whether or not to exercise such jurisdiction.[2]

██ There appears to be no good reason why this Court should, in the exercise of its discretion, decline jurisdiction of this action. Both parties being foreign corporations of different countries, they have no common forum. This Court can apply whatever law is applicable to the case. It does not appear that it would be more convenient for the witnesses that the action be tried in the Courts of the country of either of the parties.

██ Ordinarily, a Court of Admiralty will not exercise its jurisdiction over actions between foreigners when a consul makes a valid protest.[3] The affidavit of the Consul General of the Republic of the Philippines, hereinabove mentioned, states

"That the Republic of the Philippines is a sovereign nation recognized as such by and is at peace with the Kingdom of Norway, and is fully competent to try in its courts of law all matters, civil and maritime, under internationally recognized and accepted principals of jurisprudence;

"That your deponent submits this affidavit on behalf of the Republic of the Philippines, and in support of the special appearance and plea to the jurisdiction to this Honorable Court made by the respondent herein in order that the dispute between the parties, if any there is, be decided by the tribunals of the Republic of the Philippines."

██ This is not a protest. Even if it were, it is not well-founded.

██ At oral argument and in its Supplemental Memorandum Respondent urged that Libellant waived its right to maintain the within action because it intervened in Admiralty No. 529, of which intervention the Court will take judicial notice, and presented the same claim upon which this action is based. The Court is of the view that such intervention did not constitute such a waiver. In order to avoid more than one hearing on the claim, if it is contested, the trial of this action and the hearing on the claim in intervention can be consolidated.

For the foregoing reasons the request of Respondent that this Court decline jurisdiction of this action is denied.

1. See 2 Benedict on Admiralty, 6th Ed., Section 295, p. 369; and The Haytian Republic (1894), D.C.Or., 60 F. 292.

2. Canada Malting Co., Ltd., v. Paterson Steamships, Ltd. (1932), 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; The Bel-

genland (1885), 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152.

3. See The Ferm (1926), D.C.N.Y., 15 F. 2d 887. See also, Panama Railroad Company v. Napier Shipping Company (1897), 166 U.S. 280, 17 S.Ct. 572, 41 L.Ed. 1004.