THE MEMPHIAN.

(District Court, D. Massachusetts. March 10, 1917.)

No. 1519.

1. ADMIRALTY ⬤123—PROCEEDINGS—COSTS.

Under Sundry Civil Appropriation Act July 1, 1916, c. 209, § 1, 39 Stat. 313 (Comp. St. 1916, § 1630a), declaring that the courts of the United States shall be open to seamen without furnishing bonds or prepayment of, or making deposit to secure, fees or costs, for the purpose of entering or prosecuting suits for wages or salvage, foreign-born seamen need not prepay or make deposit to secure fees or costs, for they should be treated as on the same footing with those suing in forma pauperis under Act July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended by Act June 25, 1910, c. 435, 36 Stat. 866 (Comp. St. 1916, § 1626), and such costs, in accordance with the practice under the section, if not paid, become a lien on the recovery.

2. CLERKS OF COURTS ⬤61—DUTIES OF.

There is no obligation on the clerk of the District Court to account for such fees until he has collected them; and so he is not responsible until collection for the payment of fees in actions by sailors which may be prosecuted without prepayment.

3. ALIENS ⬤16—ACTION IN FORMA PAUPERIS.

Under Act July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended by Act June 25, 1910, c. 435, 36 Stat. 866 (Comp. St. 1916, § 1626), the privileges of action in forma pauperis are limited to citizens of the United States.

In Admiralty. Libel by Michol Christon and another against the Memphian. On motion of the clerk of the District Court, praying that he be directed to perform no service for which fee is required until accrued fees have been paid. Motion denied.

John J. O'Connor, of Boston, Mass., for libelants.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for respondent.

MORTON, District Judge. [1] The libelants are two alien seamen, who shipped at Manchester, England, on the British steamship Mem-

phian, for a voyage to Boston. The steamer duly arrived in Boston, and the libelants, having demanded payment of one-half their wages and been refused, filed this libel against the vessel. The question now before the court relates solely to costs. The proctor for the libelants, before the libel was filed, notified the clerk that he would "not be responsible for clerk's fees to accrue from the filing thereof." The clerk of this court subsequently made demand on the libelants for 10 cents, being the statutory fee for filing in the case a certain paper offered by them. They refused to pay the fee, and insisted that the clerk was bound to file the paper without any fee. Their refusal is based upon the proviso in the act of Congress known as the Sundry Civil Appropriation Act (approved July 1, 1916), which reads as follows:

"Provided, that courts of the United States shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety." Act July 1, 1916, c. 209, § 1, 39 Stat. 313 (Comp. St. 1916, § 1630a).

The clerk has filed a motion praying that he be directed by the court to perform no further service in the case for which a fee is required, until the fees accrued have been paid. There is no dispute between the parties that the facts are as stated in the clerk's motion; and I so find. He has no personal interest in the matter, because the earnings of his office are largely in excess of his maximum compensation, and he has to account annually to the United States for a surplus.

[2] The privileges of the forma pauperis statute (Act July 20, 1892, c. 209, § 1, 27 Stat. 252, as amended by Act June 25, 1910, c. 435, 36 Stat. 866 [Comp. St. 1916, § 1626]) are extended only to citizens of the United States. It provides in effect that the persons therein specified shall be entitled to sue or defend in a United States court "without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor." The similarity in these provisions with those of the proviso here in question is evident.

[3] Under this act it has been decided in this district that a plaintiff was not obliged either to prepay clerk's fees or to pay them concurrently with the doing of the work by the clerk. The clerk's right to the fees is not lost; they are a lien upon any judgment which the plaintiff may recover. Columb v. Webster Mfg. Co. (C. C.) 76 Fed. 198. Of course, there is no obligation on the clerk to account for the fees until he has collected them.

The motion filed by the clerk must be denied.