### THE EIR.

### PERSSON v. FALSEN.
### No. 3313.

Circuit Court of Appeals, Fourth Circuit.
June 30, 1932.

R. Arthur Jett, Jr., of Norfolk, Va. (Kelsey & Jett, of Norfolk, Va., on the brief), for appellant.

H. H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from a decree of the District Court of the United States, at Norfolk, declining to take jurisdiction of a libel in rem by appellant, a seaman, who is a citizen of Sweden, against a Norwegian steamship, the Eir, on a claim of damages for personal injuries received while working on board as a member of her crew.

The libelant signed on the Eir at Mobile as a member of her crew, and, while the vessel was lying in Hampton Roads, he, along with other members of the crew, was engaged in chipping the furnace, when a particle of matter lodged in his eye, as a result of which this libel in rem was filed.

The appellee moved that the court below decline to take jurisdiction, and a hearing was had. Testimony was taken, and the vice consul of Norway, at Norfolk, filed a protest against the court taking jurisdiction on the ground that the controversy lay between a Swedish seaman and a Norwegian ship, and that by the Norwegian law a seaman may not receive damages for personal injuries from his ship, but is entitled only to share in an insurance fund provided by the Norwegian government and maintained at the expense of shipowners for the purpose of providing compensation to injured seamen. At the conclusion of the hearing the court entered an order declining to take jurisdiction and dismissing the libel, from which action this appeal was brought.

The point involved here has been frequently discussed by this court. In Heredia v. Davies (C. C. A.) 12 F.(2d) 500, 501, Judge Parker said: "While an admiralty court of the United States is under no obligation to entertain jurisdiction of a libel to recover for personal injuries, where libelant is a foreigner and the ship is a foreign ship, it is inclined to do so when (as in this case) it is necessary to prevent a failure of justice, or when the rights of the parties would be thereby best promoted."

In that case the rule was approved that, while the question was one addressed to the sound discretion of the trial court, the action of that court would be reversed whenever the District Judge has acted so at variance from the view held by the Court of Appeals that

the appellate court is justified in saying he has exercised his discretion wrongly.

Again in the Sonderborg Case, 47 F.(2d) 723, 725, this court reviewed the same question, and said: "It is contended on behalf of the appellants that, since this is a controversy with respect to wages between a foreign master and ship on the one hand and foreign seamen on the other, this court should not take jurisdiction. The circumstances under which a federal court will take jurisdiction were discussed in The Roxen (D. C.) 7 F.(2d) 739 (affirmed by this court, Elman v. Moller, 11 F.(2d) 55), where it was held that jurisdiction should always be taken in any case in which the refusal would result in a denial of justice."

The action of the judge below in refusing to take jurisdiction was in effect saying that appellant's only remedy was by appeal to the authorities and courts of Norway. This, in our opinion, in the language of the Sonderborg Case, supra, amounted "to a clear denial of justice."

The advocate for appellee relies strongly upon the case of Canada Malting Co., Ltd., v. Peterson Steamships, Ltd., 52 S. Ct. 413, 76 L. Ed. 837, 1932 A. M. C. 512, decided by the Supreme Court on April 11, 1932, but we think the facts in that case are easily distinguishable from the facts presented here. In the Canada Case proceedings in admiralty were pending in Canada between the same parties and involving the same issues involved in the case in the United States; both of the colliding vessels were registered under the laws of Canada and owned by Canadian corporations; the officers and crews of both vessels were citizens and residents of that country, and were not available for compulsory attendance in the District Court for New York; the cargoes in question were shipped under a Canadian bill of lading from one Canadian port to another; the colliding vessels were unintentionally in the waters of the United States, and, still more important, no rights of seamen were involved.

Here the seaman's only adequate remedy was the action he brought in the court of the United States, and he would be denied this relief if required to resort to the courts or officials of far distant Norway. The accident occurred in a port of the United States, voluntarily entered by the ship, and the witnesses were readily available at the place of the bringing of the suit. It seems to us that to deny jurisdiction of this cause was error.

The order of the court below is reversed, and the District Court is directed to take jurisdiction of the suit and proceed to a determination of the issues involved.

Reversed.