## BAINBRIDGE *v.* MERCHANTS & MINERS TRANSPORTATION CO.

No. 90.   Argued November 17, 1932.—Decided December 5, 1932.

*Mr. Edwin J. McDermott,* by leave of Court, argued the cause *pro hac vice* for petitioner. *Mr. McDermott* and *Mr. Thomas D. McBride* also filed a brief for petitioner.

*Mr. Howard H. Yocum* for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

Petitioner brought this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, to recover damages for an injury sustained by her as a member of the crew of a steamship operated by respondent. The action was brought under the Jones Act, § 33 of the Merchant Marine Act of 1920, U. S. C., Title 46, § 688, which provides: " Jurisdiction [1] in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." Respondent, contending that the court in which the action was brought was not of the proper district, since respondent's principal office was in Baltimore, Maryland, moved to dismiss the action for want of jurisdiction. The motion

---

[1] Meaning venue, *Panama R. Co.* v. *Johnson,* 264 U. S. 375, 384–385.

was sustained, and the action accordingly dismissed. The judgment of dismissal was affirmed by the state supreme court. 306 Pa. 204; 159 Atl. 19.

The question presented for our determination is whether the quoted provision in respect of jurisdiction applies to the state courts, or is limited to the federal courts. The decisions are conflicting, but we think the correct construction of the provision limits it to the courts of the United States. The word "district" is peculiarly apposite in that relation; but in order to apply it to a state court, whose territory for venue purposes may or may not be designated as a "district," an elasticity of interpretation would be required which it does not seem probable Congress had in mind. Thus in one instance, where an action had been brought in a state court, it was found necessary, in order to hold the provision applicable, to interpret the word "district" as meaning "county" in which the defendant resides or has his principal office. *Wienbroer* v. *U. S. Shipping Board E. F. Corp.*, 299 Fed. 972. The contrary view limiting the provision to the federal courts, which we approve, is expressed in *Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. (N. Y.) 613, 619; 195 N. Y. S. 13 (affirmed without opinion, 234 N. Y. 626; 138 N. E. 473); *Patrone* v. *Howlett*, 237 N. Y. 394, 397; 143 N. E. 232; *Rodrigues* v. *Transmarine Corp.*, 216 App. Div. (N. Y.) 337, 339; 215 N. Y. S. 123; and *State ex rel. Sullivan* v. *Tazwell*, 123 Ore. 326, 330; 262 Pac. 220. Compare *Panama R. Co.* v. *Johnson*, 264 U. S. 375, 384–385; *Engel* v. *Davenport*, 271 U. S. 33, 37–38. If the question were more doubtful than we think it is, we should be slow to impute to Congress an intention, if it has the power,[2] to interfere with the statutory provisions of the

_____

[2] See and compare *Chambers* v. *Baltimore & Ohio R. Co.*, 207 U. S. 142, 148–149; *Minneapolis & St. Louis R. Co.* v. *Bombolis*, 241 U. S. 211, 221; *Second Employers' Liability Cases*, 223 U. S. 1, 56–57; *Douglas* v. *New York, N. H. & H. R. Co.*, 279 U. S. 377, 387–388;

various states fixing the venue of their own courts. It follows that the venue should have been determined by the trial court in accordance with the law of the state.

Another question has been raised which, however, affects only the proceedings in this court. The Clerk was requested by counsel for petitioner to docket the case here under c. 113, 40 Stat. 683, U. S. C., Title 28, § 837, which provides:

" Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

The Clerk, being in doubt, required a deposit to secure his fees and costs, and accordingly this was made by counsel for petitioner.

In *Ex parte Abdu*, 247 U. S. 27, it was held that the corresponding provision then in force (c. 27, 40 Stat. 157) did not apply to appellate proceedings; but the words which now appear, " including appellate courts," were not in the provision as it then read. That case, therefore, is not in point. With these words added, the provision now applies to appellate proceedings.

A more serious question is whether suits under the Jones Act may be regarded as suits by seamen " for wages or salvage " or " to enforce laws made for their health and safety." Such a suit is not for wages or salvage. Is it to enforce a law made for the health or safety of seamen? In *The Bennington*, 10 F. (2d) 799, the question was an-

---

*Calder* v. *Bull*, 3 Dallas 386, 387; *Ex parte Crandall*, 52 F. (2d) 650, 654 (affirmed, 53 F. (2d) 969); *Southern Ry. Co.* v. *Cochran*, 56 F. (2d) 1019, 1020; *First National Bank* v. *Morgan*, 132 U. S. 141, 145; *Doll* v. *Chicago Great Western R. Co.*, 159 Minn. 323, 324–325; 198 N. W. 1006.

swered in the negative. In *Grant* v. *U. S. Shipping Board E. F. Corp.*, 24 F. (2d) 812, it was answered in the affirmative. The court in the latter case rejected the construction put upon the provision by the decision in *The Bennington* as too narrow and not in accord with the liberality Congress intended toward seamen, holding that the Jones Act, being an addition to the Seamen's Act, was intended to be consistent with the spirit of that legislation, which was directed to promote the welfare of American seamen. We agree with that view. The Jones Act is an amendment to § 20 of the Seamen's Act. The Jones Act has the effect of bringing into the maritime law, for the benefit of seamen, all appropriate statutes relating to employers' liability for the personal injury or death of railway employees. Both acts are to be treated as part of the maritime law. *Panama R. Co.* v. *Johnson*, 264 U. S. 375, 389. Seamen have always been regarded as wards of the admiralty and their rights, wrongs and injuries a special subject of the admiralty jurisdiction. Benedict's Admiralty, 4th ed., §§ 182, 603. The policy of Congress, as evidenced by its legislation, has been to deal with them as a favored class. *Robertson* v. *Baldwin*, 165 U. S. 275, 287. In the light of and to effectuate that policy, statutes enacted for their benefit should be liberally construed. The Seamen's Act, which includes the Jones Act by amendment, is entitled in part "An act to promote the welfare of American seamen . . . and to promote safety at sea." Chap. 153, 38 Stat. 1164. It requires little if any aid from the doctrine of liberal construction to enable us to say that the present suit is one to enforce a law made for the safety of seamen. Petitioner will not be required to prepay or make deposit to secure fees or costs, and the Clerk will be directed to refund the deposit already made.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*