## ARTHUR v. COMPAGNIE GENERALE TRANSATLANTIQUE.

### No. 7253.

Circuit Court of Appeals, Fifth Circuit.
Aug. 18, 1934.

Ernest McDonald and Arthur Paul Best, both of Cristobal, C. Z., for appellant.

Merritt Barton and Wm. A. Van Siclen, both of Ancon, C. Z., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, describing himself as a resident of Colon, Panama, brought suit in the District Court for the Canal Zone to recover $10,000 as damages for personal injuries, alleged to have been caused by the negligence of appellee, suffered while he was working as a stevedore on the steamship Zenon, owned by appellee, while she was discharging cargo in the harbor at Cristobal, Canal Zone. The suit was brought under the provisions of section 33 of the Merchant Marine Act of June 5, 1920 (46 USCA § 688), which applies to longshoremen and stevedores injured while working on a foreign vessel in an American port. International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157. Appellant, for the purpose of showing jurisdiction, alleged, in substance, that appellee is a corporation organized under the laws of France with its residence and principal place of business in Paris, France; that it is a common carrier of passengers and freight by ships which ply between the Canal Zone and foreign ports; that it has an agent and a sub-office, in a building owned by it, at Cristobal, Canal Zone; that it has other offices and agents at other places in the United States; that all of such offices and agents are subsidiary to the principal office located at Paris, France, are independent and not subsidiary to one another and report direct to the principal place of business in Paris; that therefore there is no one principal place of business in the United States and each of said offices is a principal place of business at said places where they are located. Service of process was made upon the agent named in the complaint.

Appellee appeared specially and objected to the jurisdiction of the court. It did not question the validity of the service on its agent but relied upon the provision of said section 33, which is: "Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." The exception was sustained and the suit was dismissed. This appeal followed.

The jurisdictional provision of section 33 of the Merchant Marine Act is one of those inconsistencies that occasionally creep into legislation. In adopting the section, as an amendment to the Act of March 4, 1915, § 20, 38 Stat. 1185, and incorporating therein the provisions of the Federal Employers' Liability Act (45 USCA §§ 51–59) by reference Congress gave to seamen the same right to recover compensation for personal injuries as had been granted to interstate railroad employees. The inconsistency is apparent by comparing the jurisdictional provisions of the Federal Employers' Liability Act. That act provides that state courts shall have concurrent jurisdiction, with no right of removal, and venue is fixed in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. Section 6 (45 USCA § 56).

The jurisdictional provision of section 33 has been frequently adversely criticized by the courts and might well have been omitted. If it were to be strictly construed as vesting exclusive jurisdiction in the Federal District Court of the district in which the defendant resides or has his principal place of business, in many instances it would be destructive of the substantive rights granted by the act. Manifestly it would be practically impossible for a sailor to pursue a ship owner a long distance to his place of abode.

Fortunately for the seamen, in the cases hereinafter cited, the Supreme Court has held that the act is to be liberally interpreted in their favor and is to be read and construed in harmony with the general jurisdictional provisions of the Judicial Code.

In Panama R. Co. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748, the action was brought in the United States District Court for the Eastern District of New York. The defendant did not reside or have its principal place of business in that district. After a general appearance the defendant pleaded the jurisdictional provision of the statute. The Supreme Court held that the section should be construed in harmony with pertinent provisions of the Judicial Code and, as the court had general jurisdiction under section 24 of the Judicial Code (28 USCA § 41), the provision should be considered as merely relating to venue and was waived by pleading to the merits.

In Engel v. Davenport, 271 U. S. 33, 46 S. Ct. 410, 70 L. Ed. 813, and in Panama R. Co. v. Vasquez, 271 U. S. 557, 46 S. Ct. 596, 70 L. Ed. 1085, actions had been brought in state courts. The point was not raised that the suits were not in the district in which the defendant resided or had his principal place of business, but it was contended that the jurisdictional provision of section 33 vested ex-

clusive jurisdiction in the federal courts. The Supreme Court again held that the provision should be read and construed in connection with the provisions of the Judicial Code as uniformly interpreted and that the state courts had concurrent jurisdiction.

In Bainbridge v. Merchants' & Miners' Transportation Co., 287 U. S. 278, 53 S. Ct. 159, 77 L. Ed. 302, the suit was brought in a state court in Pennsylvania and it was contended that it was not brought in the proper district since the defendant's principal office was in Baltimore, Md. It was held that the provision had no application to suits brought in state courts and venue should be determined by the state laws.

■ It is apparent from the above-quoted decisions that the jurisdictional provision of section 33 does not vest exclusive jurisdiction in the Federal District Court of the district in which the defendant resides or has his principal place of business. Section 51 of the Judicial Code (28 USCA § 112), with exceptions not applicable to this case, provides: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

In the case of In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 224, 37 L. Ed. 1211, in construing the above set out provision, as appearing in the earlier acts from which it is taken, the Supreme Court said: "These words evidently look to those persons, and those persons only, who are inhabitants of some district within the United States." And it was held that an alien corporation could be sued in any district of the United States where doing business if service could be made upon an authorized agent. This was also the ruling in Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 42 L. Ed. 964.

■ A seaman suing under the act in one of the states of the Union would have the choice of going into either a state or a federal court. He has no such choice in the Canal Zone as there are no state courts. The District Court for the Canal Zone, in addition to the general jurisdiction given the District Courts of the United States, has practically the same jurisdiction as a state court of unlimited civil jurisdiction. Act Feb. 16, 1933, § 2 (48 USCA § 1345).

■ It is to be presumed that in adopting section 33 of the Merchant Marine Act Congress intended that an injured seaman should have a convenient forum in the United States in which to assert his rights and not be forced to bring his action against an alien corporation in a foreign country.

There is no doubt that the District Court for the Canal Zone has general jurisdiction of the case. While the allegation as to residence is not sufficient to show the citizenship of the plaintiff, the right of action is given to all seamen regardless of nationality. Since the action arises under a law of the United States, diversity of citizenship is immaterial. The jurisdictional provision of section 33 does not exclusively fix the venue of a suit against an alien corporation. Such corporation may be sued wherever doing business if valid service can be had. The allegations of the complaint are sufficient to show that appellee was doing business in the Canal Zone and that the agent named had authority to receive service of process. It follows that it was error to dismiss the suit.

Reversed and remanded.