## THE ROSEVILLE.
### No. 7328.

District Court, W. D. Washington, S. D.
June 13, 1935.

See, also (D. C.) 11 F. Supp. 151.

Karl P. Heideman, of Seattle, Wash., for libelants.

Bogle, Bogle & Gates, of Seattle, Wash., for claimant.

CUSHMAN, District Judge (after stating the facts as above).

Claimant, in support of its motion, argues:

"Libelants rely on title 28 USCA § 837 reading as follows: 'Suits by seamen without prepayment of or bond for costs. Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety,' and the decision in The Memphian, 245 F. 484 (D. C. Mass.), where alien seamen brought an action in rem in admiralty against a British vessel for wages, and it was held that libelants need not pay clerk's fees.

"Without discussing whether or not title 28 USCA § 837 applies to alien seamen in an action in rem against a foreign vessel, and assuming its application, and further assuming that title 28 USCA § 837 supersedes Admiralty Rule 24 of the Supreme Court (28 USCA following section 723) and Admiralty Rule 8 of this court insofar as either permit of or provide for the filing of a stipulation for costs in cases otherwise provided for

in title 28 USCA § 837, it is apparent that title 28 USCA § 837 has no application here.

"The exemption of title 28 USCA § 837 against filing of a stipulation for costs applies only where the seamen's action is (1) for wages, (2) for salvage, or (3) to enforce laws made for their health and safety.

"It is clear that this action is not for wages or salvage and unless it is to enforce laws made for the libelants' health and safety title 28 USCA § 837 does not apply. It is to be remembered that this is an action in rem to recover indemnity for injuries alleged to have been sustained; the libel alleges both negligence and unseaworthiness. Of course this action being in rem is not to enforce any rights under the Jones Act, title 46 USCA § 688, Plamals v. The Pinar Del Rio, 277 U. S. 151, 48 S. Ct. 457, 72 L. Ed. 827, and must rest in the absence of the application of other law on the old admiralty rules as announced in The Osceola, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760.

"In Bainbridge v. Merchants' & Miners' Transp. Co., 287 U. S. 278, 281, 53 S. Ct. 159, 77 L. Ed. 302, it was held that title 28 USCA § 837 applies in actions under the Jones Act, title 46 USCA § 688, as being an action to enforce a law made for the safety of seamen. This was held by the court to be a 'serious question' and was one on which the lower courts were divided. No court has held, and it would be absurd to suggest, that an ordinary action in rem by a seaman under the general maritime law to recover indemnity for injuries is one 'to enforce laws made for their health and safety.' If this were not true there would have been no need for the court in Bainbridge v. Merchants' & Miners' Transp. Co., 287 U. S. 278, 53 S. Ct. 159, 77 L. Ed. 302, supra, to have considered it a 'serious question' as to whether or not a seaman's suit under the Jones Act was for such purpose."

While it is true that the present libel, being one in rem, is not one strictly under the Jones Act, yet it is also true, in the case of a foreign ship with an alien owner in no way in the United States save by the presence of its ship, that, as a practical matter, suit under the Jones Act is impossible and a suit in rem is the only one that can be prosecuted in this country.

It is obvious that to permit a suit under the Jones Act against the owner of a vessel of the United States without requiring a stipulation for costs and at the same time require such a stipulation in the case of a suit against a foreign ship is to place owners of vessels of the United States at a substantial disadvantage.

The court concludes that such a discrimination could not have been intended by law, rule, or treaty. Todok v. Union State Bank, 281 U. S. 449—454, 455, 50 S. Ct. 363, 74 L. Ed. 956.

Claimant's motion will be denied.

Any order embodying the foregoing ruling will be settled upon notice.

The clerk is directed to notify the proctors for the parties of the filing of this ruling.