**THE BAYMEAD.**

**CARROLL v. MORAN TOWING & TRANSPORTATION CO., Inc.**

**No. 8191.**

Circuit Court of Appeals, Ninth Circuit.
June 8, 1936.

Nathan Merenbach, of San Francisco, Cal., for appellant.

Hengstler, Dorr & Stevenson, of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This is a motion to dismiss an appeal from a decree in admiralty denying the appellant seaman relief for personal injuries arising from the unseaworthiness of his vessel and for maintenance and cure. The seaman filed no cost bond on the appeal.

The motion is attempted to be supported on an affidavit which states that the affiant is informed and believes the seaman is represented by a proctor, who will serve the seaman without charge unless he recovers on his libel, and that the amount of the fee depends on the amount of recovery. It does not state that the seaman has assigned any interest in his cause of action to the proctor. The affidavit on information and belief is not offered as a pleading tendering an issue to be tried, but as proof of the facts of which it discloses the hearsay of the affiant.

The seaman in not filing his cost bond relies on the provisions of the statute for the special relief of seamen, section 837, 28 U.S.C.A., as follows:

"§ 837. *Suits by seamen without prepayment of or bond for costs.* Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and *for their own benefit* for wages or salvage and *to enforce laws made for their health and safety.*" (Italics supplied).

Appellee's motion for dismissal is in effect based on the proposition that the seaman does not come within the provisions of the statute because:

(1) Suit for damages for injuries arising out of the failure of the vessel owner to make the vessel a safe place for the seamen to serve the owner and for maintenance and cure duing the period of the seaman's restoration to health is not a suit "to enforce *laws made* for their health and safety";

(2) If the seaman's proctors are to serve free of fee if the suit is not· successful and, if successful, the amount recovered is to be a factor in determining the size of the fee, the suit is "not for their [the sailors'] own benefit," even though there have been no assignments to the proctors of interests in the causes of action.

1. Obviously what the seaman is seeking to enforce are maritime laws for his health and safety. The two laws, one that the vessel owner must provide seamen with a safe place to serve, and the other that the owner must cure them and maintain them until health is entirely or approximately restored, are maritime laws made for the benefit of seamen, whether by ancient maritime ordinance or the decisions of maritime tribunals. The seaman claims that they are laws "made" within the meaning of this statute for his aid. The owner claims that the statute must be construed as confined to maritime laws made by legislative enactment.

Assuming that the owner's contention is a rational interpretation of the act, the seaman's interpretation is equally rational. The question, then, is: How shall such a statute as this in aid of seamen be interpreted?

The Supreme Court has by many decisions resolved the problem in favor of the seaman. In Bainbridge v. Merchants' & Miners' Transp. Co., 287 U.S. 278, 282, 53 S.Ct. 159, 160, 77 L.Ed. 302, the Supreme Court, in construing section 837, relied on here by the seaman, held the status of the seaman to be that of a ward "of the admiralty," as belonging to a "favored [sic] class," and that laws for their benefit should be "liberally construed."

"The Jones Act has the effect of bringing into the maritime law, for the benefit of seamen, all appropriate statutes relating to employers' liability for the personal injury or death of railway employees. Both acts are to be treated as part of *the maritime law*. Panama R. Co. v. Johnson, 264 U.S. 375, 389, 44 S.Ct. 391, 68 L.Ed. 748. Seamen have always been regarded as wards of the admiralty, and their rights,

wrongs, and injuries a special subject of the admiralty jurisdiction. Benedict's Admiralty (4th Ed.) §§ 182, 603. The policy of Congress, as evidenced by its legislation, has been to deal with them as a favored class. Robertson v. Baldwin, 165 U.S. 275, 287, 17 S.Ct. 326, 41 L.Ed. 715. In the light of and to effectuate that policy, statutes enacted for their benefit should be liberally construed." (Italics supplied).

We therefore hold that the two maritime laws of which the seaman seeks enforcement are "laws made" within the provision of section 837.

■ ·2. With regard to the suit being for the seaman's "own benefit" the same rule of construction applies. Assuming the information and belief sworn to establishes the fact, the measurement of the proctor's fee by the size of the recovery does not give the proctor a legal beneficial interest in the suit. The seaman may pay his grocer part of the proceeds of his recovery and the balance to his wife. Certainly the suit may benefit them by the recovery and the proctor have to wait or whistle for his fee. It is not in this sense that the suits "for their own benefit" are described by the statute. We have no doubt of this interpretation, but if we had it would have to be resolved in favor of the seaman. None of the cases cited by appellee construes this statute in aid of seamen.

Motion to dismiss appeal denied.