## THE ASTRA.
### No. 2342.

District Court, D. Maryland.
July 22, 1940.

I. Duke Avnet, of Baltimore, Md., for libellant.

George Forbes and Henry L. Wortche, both of Baltimore, Md., for respondent.

WILLIAM C. COLEMAN, District Judge.

The sole question presented for decision is whether the Court should grant or overrule the respondent's, that is the vessel owner's, motion that the libel be dismissed unless libellant gives security for costs, the question arising upon a show cause order passed on respondent's motion.

Libellant is a Norwegian subject, and has brought his libel in rem against the S. S. Astra to recover damages for injuries alleged to have been suffered while employed on the vessel, due to her unsea-

worthy condition. The vessel is of Norwegian registry, flying the Norwegian flag and her owner is a subject of the Kingdom of Norway.

Libellant bases his opposition to being required to give security for costs upon the provisions of 28 U.S.C.A. § 837, which reads as follows: "Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

Respondent contends that this statute has no application to the present suit since the parties hereto are foreign, and since, in any event, the present suit is not brought by libellant "for wages or salvage and to enforce laws made for" his "health and safety".

The following principles are firmly established in our admiralty law: (1) Where the suit is, as here, by a foreign seaman against a foreign vessel, assumption of jurisdiction by the admiralty court is entirely a matter of discretion. The Leonidas, D.C., 32 F.Supp. 738, and cases cited. (2) If this discretionary jurisdiction be assumed in such a case—and this Court is disposed to assume it in the present case, although not foreclosing the right of counsel to be heard specially upon this point, if they so desire—the law of the foreign country where the vessel is registered controls. The Seirstad, D.C., 27 F.2d 982; The Hannah Nielsen, D.C., 25 F.2d 984. (3) The Jones Act, 46 U.S.C.A. § 688, has no application to the present suit, since it is one in rem against the vessel. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827. Therefore, the case of Bainbridge v. Merchants' & Miners' Transportation Co., 287 U.S. 278, 53 S.Ct. 159, 77 L.Ed. 302, holding that 28 U.S.C.A. § 837, upon which libellant here relies, is applicable in a suit by a seaman for personal injuries brought under the Jones Act, is not conclusive of the present controversy. (4) The Jones Act would not be applicable even though the present suit were not an in rem proceeding, since that Act does not apply to suits between a foreign seaman and a foreign vessel. The Paula, 2 Cir., 91 F.2d 1001; certiorari denied, Peters v. Lauritzen, 302 U.S. 750, 58 S.Ct. 270, 82 L.Ed. 580; Robinson on Admiralty, Sec. 40, page 327.

Libellant relies upon The Roseville, a decision of the District Court for the Western District of Washington, Southern Division, 11 F.Supp. 150. There, Chinese seamen sued in rem a Norwegian vessel on which they had been employed, to recover indemnity for injuries which they alleged they had sustained on the vessel, caused by her unseaworthiness and by the negligence of her shipowners and officers. Thus the precise question which we have here was raised. The Court held that the foreign seamen were not required to give security for costs under 28 U.S.C.A. § 837. The Court said, 11 F.Supp. page 151:

"While it is true that the present libel, being one in rem, is not one strictly under the Jones Act, yet it is also true, in the case of a foreign ship with an alien owner in no way in the United States save by the presence of its ship, that, as a practical matter, suit under the Jones Act is impossible and a suit in rem is the only one that can be prosecuted in this country.

"It is obvious that to permit a suit under the Jones Act against the owner of a vessel of the United States without requiring a stipulation for costs and at the same time require such a stipulation in the case of a suit against a foreign ship is to place owners of vessels of the United States at a substantial disadvantage.

"The court concludes that such a discrimination could not have been intended by law, rule, or treaty. Todok v. Union State Bank, 281 U.S. 449–454, 455, 50 S. Ct. 363, 74 L.Ed. 956."

The Roseville case appears not to have been appealed. The present respondent, in support of its motion to dismiss the libel, relies largely upon Bainbridge v. Merchants' & Miners' Transportation Co., supra, which, however, for the reasons above indicated, is not actually controlling in the present instance. However, the Supreme Court in that case, in giving a liberal interpretation to Section 33 of the Merchant Marine Act, 46 U.S.C.A. § 688, which is an amendment of the Seamen's Act, used the following very broad language, 287 U.S. page 282, 53 S.Ct. page 160, 77 L.Ed. 302: "Seamen have always been regarded as wards of the admiralty, and their rights, wrongs, and injuries a special subject of the admiralty jurisdiction. Benedict's Admiralty (4th Ed.) §§ 182, 603. The policy of Congress, as evi-

154

denced by its legislation, has been to deal with them as a favored class. Robertson v. Baldwin, 165 U.S. 275, 287, 17 S.Ct. 326, 41 L.Ed. 715. In the light of and to effectuate that policy, statutes enacted for their benefit should be liberally construed. The Seamen's Act, which includes the Jones Act by amendment, is entitled in part 'An Act To promote the welfare of American seamen * * * and to promote safety at sea.' Chapter 153, 38 Stat. 1164. It requires little if any aid from the doctrine of liberal construction to enable us to say that the present suit is one to enforce a law made for the safety of seamen." So the Court held that although the suit was not one for wages or salvage, it was nevertheless one "to enforce laws made for their [seamen's] health and safety," and it expressly rejected the contrary position taken by the District Court for the Northern District of Ohio, Eastern Division, in The Bennington, 10 F.2d 799.

 In view of the liberal attitude thus announced by the Supreme Court, we find it difficult to make a distinction in the present case, and, therefore, are disposed to interpret the language of Section 837 in a broad manner, and treat the present suit as being one to enforce a law made for the health and safety of seamen. Wages are, in fact, asked for in the commencement of the present libel, but are not thereafter alluded to, so the suit may not properly be treated as involving wages. The point stressed by the Court in The Roseville, supra, is persuasive, namely, that to permit a suit of this kind against the owner of an American vessel, without requiring a stipulation for costs, and yet at the same time require such a stipulation in the case of a similar suit against a foreign vessel, is to place owners of American vessels at a substantial disadvantage. However, we feel that the doctrine of liberality of treatment of seamen in general is a sufficient ground upon which to favor libellant in the present case, when considered in the light of all of the other circumstances. As already stated, we feel that jurisdiction should be taken in this case, although one of discretion. Libellant would undoubtedly be denied justice were he referred to the Courts of Norway which, we may assume, are not at this time functioning, at least in any normal condition, due to that country's invasion by the Germans. In addition, libellant would not be in a position to have his witnesses attend in

Norway, since they, like himself, are employed on vessels plying American trade routes. See The Eir, 4 Cir., 60 F.2d 124.

The case of The Memphian, 245 F. 484, a decision of the District Court of Massachusetts, also supports the conclusion here reached that respondent's motion should be overruled, holding that Section 837 includes alien seamen suing for wages under 46 U.S.C.A. § 597, because they should be treated as on the same footing as those suing in forma pauperis under 28 U.S.C.A. § 832. It is to be noted that 46 U.S.C.A. § 597, unlike the Jones Act, has been held to be applicable to foreign seamen on foreign vessels when in American ports. Strathearn S. S. Co. v. Dillon, 252 U.S. 348, 40 S.Ct. 350, 64 L.Ed. 607; The Sutherland, D.C., 260 F. 247.

Accordingly, an order will be signed, overruling respondent's motion.

NOTE:  After dismissal, pursuant to the above opinion, of respondent's motion to dismiss the libel unless libellant should give security for costs, the Court heard respondent's further motion to decline jurisdiction; and it appearing to the Court by certificate of the Royal Norwegian Consul General, that the Norwegian Consuls at Philadelphia, Pennsylvania, and Baltimore, Maryland, were authorized by Norwegian law, and were ready to assume jurisdiction over any claim made by the libellant for the injuries which were made the basis of this litigation, the Court by final order dated October 10th, 1940, declined jurisdiction and dismissed the libel.