### THE LYNGHAUG.

### JOHNSON v. NORTH ATLANTIC & GULF S. S. CO., Inc., et al.

### No. 77.

District Court, E. D. Pennsylvania.

Sept. 29, 1941.

Freedman & Goldstein, of Philadelphia, Pa., for appellant.

Krusen, Evans & Shaw, of Philadelphia, Pa., for appellee.

KIRKPATRICK, District Judge.

The respondents have moved that the Court decline jurisdiction and dismiss this libel in rem against the steamship "Lynghaug."

The claim is for damages for personal injuries, and for maintenance and cure. Since the Jones Act, 46 U.S.C.A. § 688, is not applicable (Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L. Ed. 827) the count for damages must be grounded upon the general law of maritime tort, and there is an allegation of unseaworthiness of the vessel, which supports that theory of the cause of action.

I am of the opinion that the libel should be dismissed.

The libellant, Simo Johnson, is a citizen of Finland, and was injured April 24, 1940, while employed aboard the "Lynghaug." The injury occurred while the "Lynghaug" was at dock in Antwerp. The "Lynghaug" was a merchant vessel under the Norwegian Flag, owned by a Norwegian corporation, chartered under a time charter from the North Atlantic & Gulf Steamship Co., Inc., and rechartered by that corporation to the Black Diamond Line, Inc. Both the charterers are Delaware corporations. Johnson had signed on the "Lynghaug" in the United States, and the ship was to sail from and return to this country.

Johnson was paid his wages on May 24, 1941, at the office of the Norwegian Consul in Philadelphia, and he was left in the care of that consul who sent him to a hospital for treatment. The consul later paid all hospital bills, X-ray expenses and transportation, and authorized lodging for Johnson to be paid by the consulate for a period of at least two weeks, and longer if conditions merited an extension. Johnson did not accept this latter offer.

There can be no controversy as to the nationality of the "Lynghaug," as it is well settled that time-chartering by an American corporation does not divest a ship of its nationality. The Petter Lassen, D.C., 29 F.Supp. 938; Rainey v. New York & P. S. S. Co., 9 Cir., 216 F. 449, L.R.A.1916A, 1149. It might, if torpedoed, figure in the news as "an American owned vessel," but for the purposes of this libel it must be considered as a ship of Norwegian nationality.

Johnson was not an American citizen. He was born in Finland and remained there until 1920. In that year he came to the United States, and after some three or four years he declared his intention of becoming a citizen of this country. The declaration of intention did not affect his Finnish nationality. An alien remains such until his naturalization is completed. Johnson v. Nickoloff, 9 Cir., 52 F.2d 1074; In re Polsson, C.C., 159 F. 283; Wallenburg v. Missouri Pacific Ry. Co., C.C., 159 F. 217; Petition of Sproule, D.C., 19 F.Supp. 995. Nor did he acquire any status as an "American seaman" which might be a factor in moving the Court, in its discretion, to assume protection of his rights. This question could only arise if he were a member of the crew of a ship flying the American

Flag. In re Ross, 140 U.S. 453, 11 S.Ct. 897, 35 L.Ed. 581; Rainey v. New York & P. S. S. Co., Ltd., supra; United States ex rel. Salvatore Rios v. Benjamin M. Day, Com'r, 2 Cir., 24 F.2d 654. At the time of the injury the steamship on which he was injured was in forbidden waters, by virtue of Presidential Proclamation regarding the war zone.

This libel being between aliens, this Court may in its discretion decline jurisdiction, and the exercise of this discretion will not be disturbed unless abused. Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 50 S.Ct. 400, 74 L.Ed. 1008.

[6] The Court should not exercise its discretion to assume jurisdiction of a dispute between two foreign litigants involving a question of foreign law, particularly under circumstances when full remedy under that foreign law is readily available to libellant through other channels; in this instance through the Norwegian Consul.

No special circumstances are present that would serve to deny the libellant an adequate remedy. The Consul has made an effort to adequately remedy Johnson, and a refusal to entertain this litigation would do no injustice. Heredia v. Davies, 4 Cir., 12 F.2d 500. The occupation of Norway by a hostile power, which under some circumstances could result in a denial of justice, has not prevented or precluded redress through the Philadelphia Consulate of Norway. The Astra, D.C., 34 F.Supp. 152, 154. It is also important that the Consul has requested that the Court decline to take jurisdiction of the libel in rem in this case. See The Ferm (The Boheme), D.C., 15 F.2d 887.

Gerradin v. United Fruit Co., 2 Cir., 60 F.2d 927, cited by the libellant was a suit under the Jones Act. The libellant was an American citizen and the ship was owned by an American company, though it flew the Honduran Flag. Heredia v. Davies, 4 Cir., 12 F.2d 500, was merely an exercise of discretion in favor of the jurisdiction. The fact that the accident occurred in New York may have been a factor. At any rate precedents are not controlling in purely discretionary matters.

The libel is dismissed at the cost of the libellant.