BRANIC v. WHEELING STEEL CORPORATION.

No. 8962.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 15, 1945.

Decided Dec. 31, 1945.

As Amended on Denial of Rehearing Jan. 30, 1946.

Hymen Schlesinger, of Pittsburgh, Pa. (Schlesinger & Schlesinger, of Pittsburgh, Pa., on the brief), for appellant.

H. A. Robinson, of Pittsburgh, Pa. (Dickie, Robinson & McCamey, of Pittsburgh, Pa., and Harry M. Mack, of Cincinnati, Ohio, on the brief), for appellee.

888

Before MARIS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff brought a civil action against the defendant in the District Court for the Western District of Pennsylvania to recover damages for personal injuries sustained by him while employed as a seaman upon a steamer owned by the defendant and operated by it upon the Ohio River in Pennsylvania. The plaintiff averred in the complaint that he sustained his injuries by reason of the unseaworthiness of the vessel, the failure of the defendant to furnish and maintain proper appliances and the negligence of the master and crew. It further appears in the complaint that the plaintiff is a citizen and resident of Pennsylvania, that the defendant is a West Virginia corporation, and that the plaintiff's claim, exclusive of interest and costs, is for more than $3,000.

No summons issued or was served upon the defendant. However, the plaintiff at the time of filing his complaint caused a writ of foreign attachment to issue. The United States Marshal attached a house boat, a pump boat and eight barges of coal which were lying in the district and were owned by the defendant. The defendant thereupon gave bond to dissolve the attachment and filed a motion to dismiss the complaint. In its motion to dismiss the defendant said that it appeared specially for the purpose of contesting the jurisdiction of the court for the following reasons:

"1. The Complaint is defective in that it fails to set forth any jurisdiction over the defendant.

"2. The Complaint is defective in that it fails to set forth any jurisdiction over the cause of action."

The district court after argument dismissed the complaint upon the first ground. The plaintiff thereupon took this appeal.

The action having been begun by the issuance and service of a writ of foreign attachment without the service of a summons upon the defendant, it would appear that a valid objection might have been made upon the ground that such a writ is insufficient to give power to a federal district court to proceed with a civil action. This would seem to be so because it has been held that in a civil action begun in a federal district court a writ of attachment is effective solely for the purpose of securing satisfaction of the judgment ultimately to be obtained and is not an appropriate process to give the court power to proceed with the action. Big Vein Coal Co. of West Virginia v. Read, 1913, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053.[1]

The defendant, however, failed to include among the grounds asserted in its motion for the dismissal of the complaint the insufficiency of the process or the lack of jurisdiction over its person. No such grounds can be spelled out of its objection that the "Complaint * * * fails to set forth any jurisdiction over the defendant" since that objection related to venue. This becomes clear when it is remembered that the facts establishing venue necessarily appear in the complaint while the facts establishing jurisdiction over the person do not but must ordinarily be ascertained from the return of the service of the summons. Moreover both the parties and the court below treated the objection as raising only the venue question.

Civil Procedure Rule 12, 28 U.S. C.A. following section 723c, requires all such jurisdictional defenses to be included in a single motion or in the answer and provides that all defenses of this kind which are not included in a motion, if one is made, shall be treated as waived. The defendant must, therefore, be taken to have waived the objections which it did not raise and by appearing in the court, even though specially, to have given the court power to proceed with the adjudication of the cause if it should decide that the objections which the defendant did set up did not entitle it to the dismissal of the complaint. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 1944, 139 F.2d 871.

The court, as we have said, sustained the first objection raised by the de-

<hr>

[1] In Rorick v. Devon Syndicate, 1939, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303, however, the court limited the ruling in the Big Vein Coal Co. case but only to make it inapplicable to a suit begun in a state court and removed to a federal court. See also Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624 to the effect that the Civil Procedure Rules 28 U.S.C.A. following section 723c have not affected the rule of the Big Vein Coal Co. case.

fendant in support of its motion to dismiss. We, therefore, turn to the consideration of this objection which, as has been pointed out, raised the question of improper venue. In support of the objection the defendant pointed to the fact that the complaint was brought under the provisions of the Jones Act[2] and that according to the express provisions of that act "Jurisdiction * * * shall be under the court of the district in which the defendant employer resides or in which his principal office is located."[3] Since the complaint disclosed that the district of the defendant's residence and principal place of business was West Virginia and not Western Pennsylvania the district court found the venue of the suit to be improper and dismissed the complaint.

The plaintiff urges that the court erred because it overlooked two fundamental matters. He argues that the posting of a bond to dissolve a foreign attachment is in effect a general appearance and submission to the court for a determination of the controversy upon the merits and amounts to a waiver by the defendant of the venue privilege. It is true that proper venue is a privilege which may be waived.[4] Civil Procedure Rule 12, however, grants a defendant the right to raise the question of venue either by motion before answer or in his answer and to have it determined by the court. This the defendant did. It submitted the issue of venue to the court by timely motion to dismiss and consequently it was entitled to an adjudication of the question posed by its motion and to have the complaint dismissed if the objection which it raised was found to be well taken. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 139 F.2d 871. The defendant, therefore, did not waive the defense of improper venue by its appearance in the court and the posting of a bond to dissolve the attachment.

The second matter which the plaintiff says was overlooked by the court in reaching its conclusion is that his cause of action was not based solely on the Jones Act. He points out that he has averred in his complaint that he sustained his injuries in part as a result of the unseaworthiness of the vessel. He says that prior to the enactment of the Jones Act a federal district court was empowered to entertain an action at law based on unseaworthiness under its diversity of citizenship jurisdiction and that in a diversity case the venue may be laid in the district of the plaintiff's residence. He reasons that since the court thereby has venue jurisdiction of part of his cause of action it must be held to have venue jurisdiction of the whole controversy.

It is true that a civil action for damages resulting from the unseaworthiness of a vessel, as distinguished from a suit in admiralty for such damages, is cognizable in a federal district court only under its diversity jurisdiction.[5] It is likewise true that Section 51 of the Judicial Code,[6] the general venue statute, lays the venue of a diversity suit in the district of the residence of the plaintiff as well as that of the defendant. The plaintiff's contention, however, unfortunately for him, proves too much for his ultimate success in sustaining the venue jurisdiction of the court.

Section 51 provides:

"* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It will be seen that by the explicit language of this section venue may be laid in the district of the plaintiff's residence where the jurisdiction of the court is invoked upon the ground of diversity of citizenship *only*.

It is undisputed that the plaintiff's claim derived from two sources, the Jones Act which gives a right of action for negligence of the master or members of the

---

[2] Section 20 of the Seamen's Act of 1915, as amended by Section 33 of the Merchant Marine Act of 1920, 46 U.S. C.A § 688.

[3] Jurisdiction, as used in the Jones Act, refers solely to venue. Panama R. Co. v. Johnson, 1924, 264 U.S. 375, 44 S. Ct. 391, 68 L.Ed. 748.

[4] Panama R. Co. v. Johnson, supra.

[5] Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L. Ed. 410.

[6] 28 U.S.C.A. § 112.

890

crew and the general maritime law which gives a right of action for unseaworthiness. The plaintiff has properly argued that jurisdiction of his cause of action insofar as it is based on unseaworthiness was acquired under the diversity clause of the Judicial Code. He assumes without argument that this is likewise true insofar as the cause of action was based upon the negligence of the master and crew. The plaintiff errs in making this assumption.

■ The right of action for negligence of the master and crew was given to the seaman by the Jones Act. That act conferred upon the seaman a right of action which he did not have under the general maritime law. Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed 220. In adjudicating a seaman's suit under the Jones Act the district court necessarily construes and applies that act. It will thus be seen that the suit arises under a law of the United States. Accordingly the jurisdiction of the district court is acquired under that section of the Judicial Code [7] which empowers a district court to entertain a suit which "arises under the * * * laws of the United States" and where the sum in controversy exceeds $3,000. Rowley v. Sierra S. S. Co., D.C.Ohio, 1943, 48 F.Supp. 193.

■ It is well settled that if the district court acquires jurisdiction not only by reason of diversity but also for some other reason, as for example because the suit also arises under the laws of the United States, the final clause of Section 51, which permits suit to be brought in the district of the plaintiff's residence, is not applicable. Macon Grocery Co. v. Atlantic Coast Line, 1910, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; In re Keasbey & Mattison Co., 1895, 160 U.S. 221, 16 S.Ct. 273,

40 L.Ed. 402; Newell v. Baltimore & O. R. Co., C.C.Pa.1910, 181 F. 698; Cound v Atchison, T. & S. F. R. Co., C.C.Tex.1909, 173 F. 527. This is true in the present case since jurisdiction was here founded upon a law of the United States as well as upon diversity. It follows that the court correctly held that it did not have venue jurisdiction of the action.

We think, however, that the dismissal of the complaint should have been conditioned upon the failure of the plaintiff within a specified period to amend the complaint by eliminating therefrom the allegations of negligence on the part of the master and crew as a cause of his injuries and as a basis for his claim for relief. It should be pointed out, however, that if he should so amend and ultimately suffer an adverse judgment that judgment would also bar any recovery by him under the Jones Act. Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. On the other hand, if he elects not to amend and the present complaint is dismissed for want of proper venue the judgment, not being on the merits, will not conclude his claim. Accordingly it will not operate to bar him from enforcing his cause of action both for unseaworthiness and negligence under the Jones Act in a court having proper venue jurisdiction in either a civil action [8] or a suit in admiralty,[9] provided he does so before the statute of limitations runs against his claim.

The order of the district court is vacated and the cause is remanded with directions to dismiss the complaint unless within twenty days after the coming down of the mandate the plaintiff amends the complaint by eliminating therefrom the allegations of negligence on the part of the master and crew as a cause of his injuries and as a basis for his claim for relief.

---

[7] 28 U.S.C.A. § 41(1) (a).

[8] Such an action may be brought in a state court without regard to the venue limitation of the Jones Act. Bainbridge v. Merchants & Miners Co., 1932, 287 U.S. 278, 53 S.Ct. 159, 77 L.Ed. 302.

[9] The venue provision of the Jones Act does not apply to a suit in admiralty under the act. Brown v. C. D. Mallory & Co., 3 Cir., 1941, 122 F.2d 98.