### FLETCHER v. LANCASTER S. S. CORPORATION.

District Court, S. D., New York.
March 1, 1935.

Reargument Denied March 22, 1935.

Silas B. Axtell, of New York City (Frederick H. Cunningham, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert P. Nash, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Motion granted upon authority of International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157; Bainbridge v. Merchants' & Miners' Transp. Co., 287 U. S. 278, 53 S. Ct. 159, 77 L. Ed. 302.

#### On Reargument.

Plaintiff, a resident of Maryland, sued defendant, a New York corporation, for damages for personal injuries sustained by plaintiff, an employee of Robert C. Herd & Co., stevedores, while engaged on their behalf, on August 17, 1934, on defendant's vessel Lancaster discharging cargo at Baltimore, Md.

Plaintiff was required by order of this court to furnish security for costs as a nonresident plaintiff pursuant to New York Civil Practice Act, §§ 1522 and 1524, and moved to vacate said order in view of the provisions of section 837, title 28 USCA, that *seamen* are not required to give security. Said motion was granted upon the authority of International Stevedoring Co. v. Haverty, 272 U. S. 50, 47 S. Ct. 19, 71 L. Ed. 157. In that case the court gave a very broad interpretation to the word "seamen" as used in the Act of June 5, 1920 (chapter 250, § 33, 41 Stat. 988, 1007 [46 USCA § 688]). The late Mr. Justice Holmes said in the Haverty Case, supra: "We cannot believe that Congress willingly would have allowed the protection to men engaged upon the same maritime duties to vary with the accident of their being employed by a stevedore rather than by the ship. The policy of the statute is directed to the safety of the men and to treating compensation for injuries to them as properly part of the cost of the business. If they should be protected in the one case they should be in the other. In view of the broad field in which Congress has disapproved and changed the rule introduced into the common law within less than a century, we are of opinion that a wider scope should be given to the words of the act, and that in this statute 'seamen' is to be taken to include stevedores employed in maritime work on navigable wa-

ters as the plaintiff was, whatever it might mean in laws of a different kind."

Section 33 of chapter 250 of the act approved June 5, 1920, thus construed, reads in part: "That any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. * * *"

This is a motion for reargument.

In the Haverty Case the plaintiff was employed on the ship by, and sued, the stevedore. In the instant case Fletcher was employed on the ship by the stevedore and sued the owner of the vessel. The complaint in the instant case does not allege diversity of citizenship, nor is the cause of action specifically predicated upon the provisions of the Jones Act (Act June 5, 1920). The suit is, however, based upon the plaintiff's employment on a steamship lying in the navigable waters of the United States.

It seems to me the plaintiff will be required to prove all of the essential elements of the Jones Act. It is, moreover, alleged in the complaint that, while engaged in the performance of his duties carrying cartons of freight from No. 3 hatch to the after bulkhead, plaintiff was directed by an officer of the defendant thereon to place a carton which he then had in hand at a place different from that to which he had carried the others, and that, while in the performance of said duties and carrying out the order given him by the defendant, the accident for which he seeks to recover damages in this action happened. Technically, it could be held that, since the plaintiff does not allege reliance upon the Jones Act and sues the vessel rather than his employer, he should give security for costs; but, in view of the liberal attitude which courts of admiralty take towards seamen generally and have lately taken to include stevedores in the term "seamen" when performing duties of such, as evidenced by the decisions in International Stevedoring Co. v. Haverty, supra; Northern Coal Co. v. Strand, 278 U. S. 142, 146, 49 S. Ct. 88, 73 L. Ed. 232; Nogueira v. New York, N. H. & H. R. Co., 281 U. S. 128, 135, 50 S. Ct. 303, 74 L. Ed. 754; Employers' Liability Assurance Corp. v. Cook, 281 U. S. 233, 237, 50 S. Ct. 308, 74 L. Ed. 823; Jamison v. Encarnacion, 281 U. S. 635, 639, 50 S. Ct. 440, 74 L. Ed. 1082; Uravic v. F. Jarka Co., Inc., 282 U. S. 234, 238, 51 S. Ct. 111, 75 L. Ed. 312, I am not disposed to preclude the plaintiff from having his day in court in the forum of his choice, because, perchance, he may be unable to provide security for costs.

Motion for reargument denied.