**DI STEFANO v. ROPNER & CO., Limited.**

District Court, S. D. New York.

Aug. 16, 1944.

Harry Eisenberg, of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent.

RIFKIND, District Judge.

This is a motion under Rule 7 of the Admiralty Rules of this Court to compel the libellant to file security for costs.

The action is to recover damages for personal injuries sustained by a longshoreman against the owner of a vessel upon which he was working at the time. The libel purports to come within a "special rule for seamen to sue without security or prepayment of fees."

The special rule is 28 U.S.C.A. § 837 and it prescribes the cases with respect to which a seaman is exempt from the necessity to file security or prepay fees. By its terms it is limited to actions based upon claims for wages or salvage or to enforce laws made for the health and safety of seamen.

An action for personal injuries to come within this section must be based upon a law for the health and safety of seamen. The Jones Act, 46 U.S.C.A. § 688 is such a law. Bainbridge v. Merchants & Miners Transportation Co., 1932, 287 U.S. 278, 281, 53 S.Ct. 159, 77 L.Ed. 302.

This action is not brought under the Jones Act nor could it be so brought since no employer-employee relationship between the parties is alleged. Armit v. Loveland, 3 Cir., 1940, 115 F.2d 308, 313.

Rule 7 of the Local Admiralty Rules provides in part: "No libel * * * shall be filed * * * except * * * on the special order of this Court, or when otherwise provided by law, or by these rules, unless the party offering the same shall first file a stipulation for costs * * *." The rule, therefore, by its terms provides for an exception granted on a "special order of this Court" and presupposes, therefore, judicial discretion in requiring security. This is consistent with Rule 24 of the Admiralty Rules of the Supreme Court of the United States 28

U.S.C.A. following section 723, which likewise by its terms confers judicial discretion with respect to the filing of security for costs.

The answering affidavits relied on Section 837 and omitted any recitation of facts calling for the exercise of the court's favor in behalf of libellant. The motion is, therefore, granted but the relief granted thereby is stayed for a period of twenty days to afford the libellant an opportunity to make an application on proper papers to be relieved of the requirement to file security.

Settle order.