### FINE v. UNITED STATES et al.
No. A–17543.

District Court, E. D. New York.
June 6, 1946.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Kirlin Campbell Hickox & Keating, of New York City, of counsel), for the motion.

Albert Gondelman, of Brooklyn, N. Y., for libelant.

BYERS, District Judge.

Motion by the respondents above named for an order pursuant to Rule 7 of the Admiralty Rules of this Court, directing the libelant to file security for costs.

The rule reads:

"No libel * * * shall be filed except on the part of the United States, or on the special order of this court, or when otherwise provided by law, or by these rules, unless the party offering the same shall first file a stipulation for costs, conditioned that the principal shall pay all costs awarded against him * * *.

"*    *    *    *    *    *

"Seamen suing for wages in their own right and for their own benefit, for services on board American vessels, salvors coming into port in possession of the property libelled, * * * shall not be required to give such security in the first instance. * * *"

That rule conforms to the provisions of Title 28 U.S.C.A. § 837, reading: "Suits by seamen without prepayment of or bond for costs. Courts of the United States, including appellate courts, hereafter shall be open to seamen, without furnishing bonds or prepayment of or making deposit to secure fees or costs, for the purpose of entering and prosecuting suit or suits in their own name and for their own benefit for wages or salvage and to enforce laws made for their health and safety."

The libel, filed July 10, 1945, alleges: "Twelfth: That at all times and dates hereinafter mentioned, the libelant was employed as a seaman aboard the S. S. George Whitefield and was so employed and acting as such, and the injuries sustained by him as hereinafter mentioned were sustained by him in the course of his employment, at the times, and the dates hereinafter mentioned."

It is further alleged that on November 4, 1943, he was using a ladder to board the said vessel and was caused to fall and suffer injuries whereby the libel was filed in an action under the Suits in Admiralty Act of 1920, 46 U.S.C.A. § 741 et seq.

His answer to Interrogatory 5, filed May 29, 1946, shows that the libelant at the time in question was a rigger employed by the Todd Shipyards Corporation, which has been brought into this cause by impleading petition.

Obviously the libelant was not a seaman, and this is not a cause of action under the Jones Act, 46 U.S.C.A. § 688, but was instituted against the respondents United States of America as owner, and A. H. Bull & Co., Inc., as operator of the vessel named.

Since the libelant was not a seaman, by his own showing, he is not within the exception of Rule 7, and the quoted allegation in the libel is false.

The cases of Di Stefano v. Ropner & Co., Ltd., D.C., 57 Supp. 517, 1944 A.M.C. 1106, and Martini v. National Bulk Carrier, Inc., 1944 A.M.C. 238, have been consulted and found helpful.

Fletcher v. Lancaster Steamship Corporation, D.C., 11 F.Supp. 704, has not been overlooked.

Nor has Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 876, 1946 A.M.C. 698, a 5 to 3 decision of the Supreme Court, rendered April 22, 1946. The majority opinion is to the effect that a longshoreman employed by a stevedore is to be deemed a seaman to the extent of enabling him to sue the shipowner for alleged unseaworthiness, on the theory apparently that he was doing the work formerly done by seamen, thus, 66 S.Ct. page 880 1946 A.M.C. 708: "For these purposes he is, in short, a seaman because he is doing a seaman's work and incurring a seaman's hazards."

The foregoing was a comment upon several cases which had been expounded. Clearly it has no application to a rigger employed by a shipyard. There are hazards peculiar to that calling, but they are not the hazards of a seaman.

Motion granted. Settle order.