**RACCUGLIA v. UNITED STATES.**

No. A-17661.

District Court, E. D. New York.

June 6, 1946.

David Kashman, of Brooklyn, N. Y. (Ernest Rassner, of New York City, of counsel), for libelant.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Kirlin, Campbell, Hickox & Keating, of New York City, of counsel), for respondent.

BYERS, District Judge.

This motion is similar to that in 66 F.Supp. 768, and is based upon an affidavit of an attorney associated with proctors for respondent, which alleges that the ac-

tion is to recover damages for personal injuries said to have been suffered by the libelant, a longshoreman, on May 28, 1945, while he was engaged in stevedoring work aboard the vessel designated as No. 742, which was alongside of the pier at the Army Base, Brooklyn, New York. There is' no answering affidavit.

The libel, filed October 25, 1945, alleges: "Seventh: That at all the times hereinafter mentioned, the libelant was employed aboard the vessel aforementioned in the capacity of seaman."

Interrogatories addressed to the libelant were filed on May 27, 1946, and apparently have not been answered.

■■■ The failure of the libelant to answer the affidavit above referred to will be taken to be an admission on his part that the affidavit is true, which means that the allegation which has been quoted from the libel is not true, since he was employed as a stevedore and not in the "capacity of a seaman".

Again, this is not a Jones Act (46 U.S. C.A. § 688) case. Even though a suitor in the position of this libelant may be bracketed with a seaman for the purpose of asserting unseaworthiness as against the owner of the vessel (Seas Shipping Co., Inc., v. Sieracki, 66 S.Ct. 872, 1946 A.M.C. 698), it is still recognized that stevedores are not seamen (See page 879 of 66 S.Ct. 707 of 1946 A.M.C.), where in quoting the court below the opinion says: "Recognizing that for most purposes 'stevedores are not "seamen"', and relying upon Imbrovek [Atlantic Transport Co. of West Virginia v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208, 51 L.R.A.,N.S., 1157], the Court again stressed that 'the work upon which plaintiff was engaged was a maritime service formerly rendered by the ship's crew' * * *."

The dissenting opinion at page 882 of 66 S.Ct. 712 of 1946 A.M.C. explains why the seaman has been given a "special status in the maritime law as the ward of the admiralty", quoting from the opinion of Mr. Justice Story in Reed v. Canfield, Fed.Cas. No.11,641, 1 Sumn. 195,199.

It is for the reasons so expounded, that seamen have been relieved of giving security for costs in Admiralty suits "to en-force laws made for their health and safety".

Unless the Seas Shipping Co. case, supra, means that stevedores are the "wards of the admiralty", and I do not think it does, the motion must be granted.

Settle order.