## BORSELLI v. UNITED STATES LINES CO.

District Court, S. D. New York.

Sept. 10, 1947.

Nathan Baker, of Hoboken, N. J., for libellant.

Kirlin, Campbell, Hickox & Keating, of New York City (Joseph M. Cunningham, of New York City, of counsel), for respondent.

MEDINA, District Judge.

The plight of libellant would not seem to differ materially from that of many indigent and injured plaintiffs in the ordinary run of negligence cases in which, upon proof of non-residence, security for costs is ordered in this District almost as matter of course. The fundamental but not the only question is whether 28 U.S.C. A. § 837 in its reference to "seamen" was intended to include longshoremen such as libellant. Neither the language nor the background of this legislation affords the slightest basis for holding that there was such intent.

■ Furthermore, the action is not for wages or salvage or to enforce laws made for libellant's health and safety. Rokovich v. United States, D.C.S.D.N.Y., Conger, J., 1947 A.M.C. 493; Fine v. United States, D.C.E.D.N.Y., Byers, J., 66 F.Supp. 768; Raccuglia v. United States, D.C.E.D.N.Y., Byers, J., 66 F.Supp. 769; Di Stefano v. Ropner & Co., Ltd., D.C.S.D.N.Y., Rifkind, J., 57 F.Supp. 517.

Motion granted.

Settle order on notice.