James R. **LOWICKI**

v.

**SKIBS A. S. HERSTEIN.**

Civ. A. No. 11784.

United States District Court
D. Maryland,
Civil Division.

April 7, 1960.

John J. O'Connor, Jr., Baltimore, Md. (O'Connor & Preston, Baltimore, Md.), for plaintiff.

Carlyle Barton, Jr., Baltimore, Md. (Niles, Barton, Yost & Dankmeyer, Baltimore, Md.), for defendant.

CHESNUT, District Judge.

This civil action presents a question of "costs" which, I believe, has not heretofore been decided by this court.

28 U.S.C.A. § 1914 provides that: "(a) The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $15 * *. (b) The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."

The plaintiff, a longshoreman, while working on the M. V. Black Falcon, a ship lying in navigable water at the Port of Baltimore, has filed this civil action against the shipowner claiming that he was injured (a) by the negligence of the ship (b) because it was unseaworthy. On filing the suit his counsel did not pay the $15 filing fee required by § 1914 and the Clerk received it because it was claimed in the complaint that the plaintiff was excused from the necessity of pre-paying any costs by reason of 28 U.S.C.A. § 1916, which provides:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." That is to say, the plaintiff contends that he is exempt from the pre-payment of costs because although he is professedly a "longshoreman" he is entitled to be treated as a "seaman" under § 1916. Whether he is so entitled is the question thus presented. When first filed the defendant was mistakenly described and by order of court an amendment of the suit was permitted naming the present defendant. Promptly thereafter the present defendant moved for dismissal of the suit on the ground that it was improperly filed without payment of the $15 required fee; but on the oral argument of the motion it was amended to pray for an order staying further proceedings in the action until the $15 was paid. During argument on the motion I inquired particularly from the court clerk what had been the practice in similar cases as I knew that in recent years there had been many suits filed by longshoremen for similar cause of action, and found that the practice in the clerk's office was, in

the absence of any controlling decision of this court on the point, to accept and file the complaint where counsel for the plaintiff insisted that the suit was brought "under the Act" referred to.

I further inquired as to what was the practice thereafter in such a case and learned that in the clerk's office at the termination of the case if the plaintiff recovered a monetary judgment, the costs were customarily assessed against the defendant, including the $15 fee required by § 1914; but that if the plaintiff lost the case the costs were taxed against him and a bill therefor sent to his counsel, but very frequently not collected. I also inquired whether there was any well established practice as to the requirement of § 1914 regarding the deposit of $15 and have been advised that on inquiry in other district courts the practice has not been uniform.[1]

The precise question presented is whether the word "seaman" in § 1916 includes "longshoreman"; or, in other words, is a longshoreman a seaman within the proper construction of § 1916. Upon consideration I conclude that he is *not.*

In International Stevedoring Co. v. Haverty, 1926, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, the Supreme Court held that for the purposes of the Seamen's Act of 1920, 41 Stat. 988, 1002 (the Jones Act) which gives to seamen the benefits of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., applicable to railroad employees in interstate commerce, a longshoreman could be properly treated as a seaman with respect to the substantive rules of law affecting his case, but

the decision does not imply that the longshoreman is to be considered as a seaman under § 1916. In that case the suit was not against the ship but against a stevedoring company which was the employer of the longshoreman. It was therefore not directly under the Jones Act which gave a seaman a right of action against the ship, his employer, for negligence. The suit was in a state court based on the common law of negligence and the defense was that the negligent cause of the injury was due to a fellow servant; but the Supreme Court held the defense inapplicable because, as the accident occurred on the ship in navigable water, the federal maritime law embraced in the Jones Act had abolished the common law defense of contributory negligence and the fellow servant doctrine. It is not now disputed that a longshoreman cannot sue a ship under rights conferred by the Jones Act because the longshoreman is not employed by the ship and the Jones Act is applicable only to seamen who as employees of the ship sue it for its negligence. The Federal Longshoremen's and Harbor Workers' Act provides that for injuries to longshoremen occurring on navigable water the only remedy of the employee against his employer is the compensation provided by the Act, 33 U.S.C.A. § 901 et seq. Therefore, if the longshoreman were a direct employee of the ship and not, as is customarily the case, an employee of the stevedoring company, he could not sue the ship for damages but his remedy would be under the compensation act. And the Longshoremen's Act excludes the master and crew of a ship

---

1. Mr. John J. O'Connor, Jr., counsel for the plaintiff in this case, has inquired by letter from the clerks of several district courts, where there is an important seaport in the district, as to the practice prevailing in a case like the instant case. Mr. O'Connor has kindly furnished me with the replies from the several clerks to whom he wrote, from which it appears that in the Southern District of New York, the Northern District of California and the Western District of Washington at Seattle, the clerks will not accept a suit of this kind by a long-shoreman without prepayment of the filing fee of $15; but in the Eastern District of Pennsylvania at Philadelphia and the Southern District of California at Los Angeles, the clerk does accept the complaint without payment of the fee as there is presently no judicial decision on the point in the district. The clerk of this court also inquired what is the practice at Norfolk in the Eastern District of Virginia, and tells me the clerk there will not accept the complaint unless the filing fee is paid.

from its coverage; but allows the longshoreman when not an employee of the ship, to sue it as a third person for damages if legally responsible. See Blankenship v. Ellerman's Wilson Line New York, Inc., 4 Cir., 1959, 265 F.2d 455. But the question here arises under a very different statute having a different historic background and relating to civil actions generally; and this civil action is not under the Jones Act.

The provisions of § 1916 here relied on by the plaintiff are limited by the phraseology of the statute which provides: " * * * for wages or salvage or the enforcement of laws enacted for their health or safety * * *." The present action does not include any of these purposes.

I have not been able to find any judicial decisions on the point here presented other than several in the Southern and Eastern Districts of New York. With one exception they all hold that a longshoreman is not a seaman within the proper construction of § 1916. The question has generally arisen not specifically with regard to the payment of the $15 filing fee, but on a motion to require the plaintiff, when a non-resident of the district, to give security for costs in accordance with the local rule to that effect. But the reasoning of the cases is based on the statutory construction referred to and it was held that the plaintiffs respectively should be required to give the security for costs.

The one exception referred to is an opinion by District Judge Murray Hulbert in Fletcher v. Lancaster S.S. Corp., D.C.S.D.N.Y.1935, 11 F.Supp. 704. That decision was based on the Haverty case, supra, without requiring any discussion of the application of § 1916 to § 1914. In a number of later cases in the two districts, the decisions have uniformly held that a longshoreman is not a seaman within the meaning of § 1916. Martini v. National Bulk Carrier, Inc., 1944 A.M.C. 238 (D.C.S.D.N.Y.1944); Di Stefano v. Ropner & Co. Ltd., D.C.S.D.N.Y.1944, 57 F.Supp. 517; Raccuglia v. United States, D.C.E.D.N.Y.1946, 66 F.Supp. 769 (a fully considered opinion by District Judge Byers); Rokovich v. United States, 1947 A.M.C. 493 (D.C.S.D.N.Y. 1947); Borselli v. United States Lines Co., D.C.S.D.N.Y.1947, 74 F.Supp. 822 (a succinct but inclusive opinion by Judge Medina when District Judge).

Counsel have not been able to refer me to, and I have been unable after considerable research to find, any later judicial decisions on this subject. A very possible explanation of this is that the amount of costs involved is small and anyhow the problem of taxation of costs comes before the Judge of the court with comparative infrequency and then generally only on a motion for a re-taxation of costs. The $15 filing fee required by § 1914, when received at the beginning or conclusion of the case, does not enure in any way to the benefit of either of the parties but is a charge required by law to be paid to the clerk of the court to be accounted for by him to the proper auditing department of the government.

Apart from the almost unanimous judicial authority there are many important differences between the customary activities of a seaman and those of a longshoreman. Any Judge of this court who has tried the many civil actions brought by longshoremen in recent years and other maritime cases more particularly involving seamen, becomes very familiar indeed with the practical differences between the activities of the two respectively. The seaman is essentially engaged in the navigation of the ship and the incidental work pertaining thereto and the ship is in effect his home and he customarily sleeps there when not on leave; while the longshoreman has no duties with regard to the navigation of the ship but only to the loading and unloading of her cargo and is only temporarily engaged in that activity during some of the 24 hours of the day and does not stay on the ship when not so occupied.

The special consideration for seamen expressed in § 1916 is attributable to the well-known historical background relating to the dangers, hardships and privations of seamen on sailing ships years

ago. Fortunately the conditions heretofore prevailing have been greatly alleviated for seamen on American ships as a result of much legislation on their behalf to be found mostly in Chap. 18, Title 46 of the U.S.C.A. § 1916 of 28 U.S.C.A., is, I think, in accord with this general congressional policy.

On the other hand, the maritime conditions affecting longshoremen do not have a similar historical background. Ordinarily they have no duties of navigation and do not in general encounter the perils of the sea as their activities on the ships are related only to the loading and unloading of cargo in which they are engaged for only a portion of the day. The ship is not their home as is the case with seamen. Their work is unquestionably hard, requiring a strong body and muscles and, as is so well known to Judges of this court, often perilous to life and limb, and their work is of great importance in the performance of the large shipping in the Port of Baltimore. They have the benefit of the Federal Longshoremen's & Harbor Workers' Compensation Act in respect to their duties on the ship and generally also presumably the benefit of the Workmen's Compensation Law of the State, Code 1957, art. 101, § 1 et seq., while working on the piers and not on navigable waters, a benefit not shared by seamen because, as I understand, the master and crew of a ship were expressly excepted from the Federal Act pursuant to the expressed wish of their representatives.

The main and I think the only argumentative contention of counsel for the plaintiff on the present question is based on his inferences and conclusions from the majority opinion of the Supreme Court in the case of Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. It was there held for the first time that the historically well known liability of the ship to its seamen for injuries due to the unseaworthiness of the ship, even without fault on the part of the shipowner, could also be availed of by a longshoreman injured while working on the ship. The case in no way involved the question here presented and naturally neither expressly or impliedly dealt in any way with the proper construction and application of § 1916 relating to the very different subject matter of pre-payment of costs by seamen. The particular point considered in the majority opinion by Mr. Justice Rutledge appears in his sentence on page 89 of 328 U.S., on page 875 of 66 S.Ct.: "The nub of real controversy lies in the question whether the shipowner's obligation of seaworthiness extends to longshoremen injured while doing the ship's work aboard but employed by an independent stevedoring contractor whom the owner has hired to load or unload the ship."

Counsel for the plaintiff suggests that the novelty and importance of this new doctrine (announced April 22, 1946) must have been known to the revisors of the Judicial Code when in 1948 § 1916 was re-enacted; and that it is inferable in so re-enacting the section they related it inferentially to what had recently theretofore been decided in the Sieracki case. But I do not find this suggestion persuasive because § 1916 merely re-enacted the Act of June 12, 1917, Ch. 27, § 1, 40 Stat. 157, which had been in force for more than 30 years without substantial change. It will also be noted that three of the New York cases cited above were decided a year or more after the Sieracki case. Rokovich v. United States, supra, and Borselli v. United States, supra. See particularly the opinion of District Judge Byers in Raccuglia v. United States, supra, in which he discusses and distinguishes the Sieracki case. It may be added that if a longshoreman wishing to file a suit of this character is in fact indigent, he may, as with others so financially situated, file the suit without pre-payment of costs under 28 U.S.C.A. § 1915.

For these reasons I conclude that the amended motion of the defendant to stay further action in this case until the payment of the $15 filing fee is made to the Clerk, should be and is hereby granted this 7th day of April, 1960.