William MANSON

v.

WEYERHAEUSER STEAMSHIP CO.

Civ. A. No. 35298.

United States District Court
E. D. Pennsylvania.

May 28, 1964.

Fine, Staud & Silverman, by Herbert Monheit, Philadelphia, Pa., for plaintiff.

Murphy & Senesky, by Joseph J. Murphy, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The defendant shipowner has moved alternatively to dismiss this action for personal injuries brought by the plaintiff longshoreman or for summary judgment or for a more specific complaint.

The Complaint states that on May 25, 1962, the plaintiff suffered an accident while working as a longshoreman loading cargo aboard the S/S HORACE IRVINE, a ship owned by the defendant. Paragraph 6 of the Complaint alleges, inter alia, that the defendant was careless and negligent and the ship was unseaworthy in "Failing to provide the plaintiff with a safe and seaworthy vessel booms and appurtenances."

At the argument on this motion it was developed that the plaintiff sustained his injuries when he fell on a slippery steel plate which was used on the ship to enable chisels to move about the hatch cover. The plate had been transferred from the ship to inside Pier 27 when the accident occurred.

The steel plate having been used during the stevedoring operation of loading the ship and having been physically attached to the vessel could be considered an *appurtenance* of the ship, and under the recent case of James Thompson v. Calmar Steamship Corporation, 331 F.2d 657, Opinion filed April 15, 1964 (3 Cir. 1964), could support a claim for negligence and unseaworthiness. This is so even though the injury occurred away from the ship inside the pier. Gutierrez v. Waterman Steamship Corporation, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963), and Hagans v. Ellerman, 318 F.2d 563 (3 Cir. 1963). While the plaintiff should have used more detail in his Complaint to apprise the defendant of the pertinent facts, we cannot say that his pleading is insufficient as a matter of law.

The defendant also objects to the plaintiff's proceeding under 28 U.S.C.A. § 1916 which permits a *seaman* to file his action without prepayment of costs because a *longshoreman* is not considered a seaman for purposes of this section. A thorough and scholarly discussion of this question is found in Lowicki v. Skibs A. S. Herstein, 182 F.Supp. 585–588 (D.C.Md.1960). Therein Judge Chesnut noted on page 586 that in 1960 the Eastern District of Pennsylvania accepted suits of this kind by longshoremen without prepayment of the filing fee because there was "no judicial decision on the point" in this District. The question was raised in Mattis v. Pope & Talbot, D.C., 207 F.Supp. 685, which is a pending action in this Court and the plaintiff apparently deposited the fee without being so ordered by the Court.[1] The practice is not followed in the Southern District of New York, Northern District of California, the Western District of Seattle and the Eastern District of Virginia, all important seaport districts.

The historical background and statutory construction of Section 1916 as set forth in Judge Chesnut's opinion, supra, seem to support his conclusion that while longshoremen may be entitled to relief against the shipowner for negligence and unseaworthiness they do not qualify as "seamen" under § 1916 so as to be exempt from the prepayment of costs. On this point the defendant's objection is well taken.

### ORDER

And now, this 28th day of May, 1964, the defendant's motions to dismiss and/or summary judgment and/or for a more specific complaint are denied.

It is further ordered that the plaintiff deposit with the Clerk of this Court the $15.00 filing fee within ten (10) days from the date of this Order.

---

[1] Our independent examination of the docket reveals no judicial direction of the payment of costs after the defendant raised the question in a motion to dismiss.